THE STATE OF OHIO, APPELLEE, *v.* AWAN, APPELLANT.

[Cite as State *v.* Awan (1986), 22 Ohio St. 3d 120.]

(No. 85-459—Decided February 19, 1986.)

*Peggy J. Schmitz,* assistant prosecuting attorney, for appellee.

*Robert G. Rubin,* for appellant.

HOLMES, J. The basic issues presented are whether the failure to raise the issue of the constitutionality of a statute at the trial of a matter may, in a given instance, effectively waive the claim of such an issue upon appeal, and whether the failure to raise such question of the constitutionality of R.C. 4513.03 at the trial level here precluded the appellant from so doing in the appellate court. For the reasons set forth below, we

affirm the appellate court's ruling, which upheld appellant's conviction and refused to address the constitutional attack on R.C. 4513.03.

Appellant's first proposition of law is based upon the conflict certified herein and urges that a claim concerning the constitutionality of legislation is never waived. The legislation which appellant wishes to challenge as being unconstitutionally vague provides a penalty for operating a motor vehicle without headlights under three different circumstances: (1) during the time from one-half hour *after* sunset to one-half hour before sunrise, not here at issue because the collision was, at most, fifteen minutes after sunset; (2) any other time when there are unfavorable atmospheric conditions; or (3) when there is not sufficient natural light to render discernible substantial objects on the highway at a distance of one thousand feet ahead. R.C. 4513.03. Appellant sought to argue on appeal, and in this court, that failure to apply the discernibility-of-substantial-objects requirement to the unfavorable-atmospheric-conditions language renders this second circumstance for imposing the penalty unconstitutionally vague. This argument was not made in the trial court, even though the trial court stated that the unfavorable-atmospheric-conditions section has nothing to do with the discernibility-of-substantial-objects requirement.

Appellant's argument that the trial court has no jurisdiction to impose a criminal penalty under an unconstitutional statute is based on three federal cases, all of which involved federal habeas corpus relief: *Ex Parte Siebold* (1879), 100 U.S. 371, 376-377 (an offense created by an unconstitutional law is not a crime and conviction under it is void for purposes of granting writ); *Blackledge* v. *Perry* (1974), 417 U.S. 21, 30 (writ allowed to a petitioner who pleaded guilty to an illegal indictment distinguished from cases denying writ when "antecedent constitutional error" did *not* go to the power of the state court to try the accused); and *Journigan* v. *Duffy* (C.A. 9, 1977), 552 F. 2d 283, 289 (federal writ allowed after unsuccessful state habeas corpus proceeding under claim that petitioner had been prosecuted under an unconstitutional statute since claim goes to power of state to invoke criminal process).

While these federal cases, cited not only by appellant but also by the appellate court in the conflicting case of *Lakewood, supra,* may establish that a federal habeas corpus writ is available to a petitioner in state custody despite the petitioner's failure to raise the constitutional issue in pursuing a state remedy, the federal habeas relief *may* be denied "to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." *Fay* v. *Noia* (1963), 372 U.S. 391, 438 [24 O.O.2d 12]. We conclude that appellant has not complied with the orderly procedure of this state's courts and, thereby, has forfeited his right to attack the constitutionality of the statute under which he has been penalized.

Although Crim. R. 12(B)(2) provides that questions relating to jurisdiction "shall be noticed by the court at any time during the pendency of the

proceeding," appellant's claim in the appellate court that R.C. 4513.03 is unconstitutionally vague is not a question relating to the trial court's jurisdiction. A judgment is void for lack of jurisdiction only "if rendered by a court having either no jurisdiction over the person of the defendant or no jurisdiction of the subject matter, *i.e.*, jurisdiction to try the defendant for the crime for which he was convicted." *State* v. *Perry* (1967), 10 Ohio St. 2d 175 [39 O.O.2d 189], paragraph five of the syllabus. There is no dispute that the trial court had jurisdiction over the person of the defendant. A trial court's jurisdiction over the subject matter is derived from the power which created it. Here, the trial court's jurisdiction is basically set forth within R.C. 1901.20(A), which provides in part: "The municipal court has jurisdiction * * * of the violation of any misdemeanor committed within the limits of its territory," and R.C. 4513.99(C) makes violation of R.C. 4513.03, here at issue, a misdemeanor. We must attribute a presumption of constitutionality to these statutes, *State* v. *Dorso* (1983), 4 Ohio St. 3d 60, 61, and cases cited therein. Therefore, we must conclude that the trial court had jurisdiction to hear the cause, including any constitutional attacks, and to apply the law to the facts at hand.

The general rule is that "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State* v. *Childs* (1968), 14 Ohio St. 2d 56 [43 O.O.2d 119], paragraph three of the syllabus; *State* v. *Glaros* (1960), 170 Ohio St. 471 [11 O.O.2d 215], paragraph one of the syllabus; *State* v. *Lancaster* (1971), 25 Ohio St. 2d 83 [54 O.O.2d 222], paragraph one of the syllabus; *State* v. *Williams* (1977), 51 Ohio St. 2d 112, 117 [5 O.O.3d 98]. Likewise, "[c]onstitutional rights may be lost as finally as any others by a failure to assert them at the proper time." *State* v. *Childs, supra,* at 62, citing *State* v. *Davis* (1964), 1 Ohio St. 2d 28 [30 O.O.2d 16]; *State, ex rel. Specht,* v. *Bd. of Edn.* (1981), 66 Ohio St. 2d 178, 182 [20 O.O.3d 191], citing *Clarington* v. *Althar* (1930), 122 Ohio St. 608, and *Toledo* v. *Gfell* (1958), 107 Ohio App. 93, 95 [7 O.O.2d 437].[1] Accordingly, the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court. See *State* v. *Woodards* (1966), 6 Ohio St. 2d 14 [35 O.O.2d 8]. This rule applies both to appellant's claim that the statute is unconstitutionally vague on its face and to his claim that the trial court

---

[1] This court has held that a criminal defendant may not raise constitutional errors on appeal unless such were specifically found to have been raised below, *Wellston* v. *Morgan* (1898), 59 Ohio St. 147, 162; *Columbus* v. *Rogers* (1975), 41 Ohio St. 2d 161, 162 [70 O.O.2d 308], even in cases in which the constitutional error was claimed to go to the trial court's jurisdiction. See *State* v. *Phillips* (1971), 27 Ohio St. 2d 294, 302 [56 O.O.2d 174], in which the court reasoned that, "[i]n neither court did * * * [defendant] specifically raise the constitutional issue that the arrests at the motel, which is not in the city of Dayton, were unlawful in that they were conducted by officers of the City of Dayton."

interpreted the statute in such a way as to render the statute unconstitutionally vague. Both claims were apparent but yet not made at the trial court level.

Although R.C. 2505.21 gives appellate courts discretion to review a claimed denial of constitutional rights not raised below, "that discretion will not ordinarily be exercised to review such claims, where the right sought to be vindicated was in existence prior to or at the time of trial." *State* v. *Woodards, supra,* at 21. The appellate court did not abuse its discretion in refusing to review appellant's claim of unconstitutionality. The legitimate state interest in orderly procedure through the judicial system is well recognized as founded on the desire to avoid unnecessary delay and to discourage defendants from making erroneous records which would allow them an option to take advantage of favorable verdicts or to avoid unfavorable ones. *State* v. *Childs, supra,* at 62, citing *Douglas* v. *Alabama* (1965), 380 U.S. 415, and *Henry* v. *Mississippi* (1965), 379 U.S. 443.

As to appellant's first proposition of law, we hold that the issue presented here of whether a penal statute is constitutionally defective and void due to vagueness was waived by failure to directly raise such issue in the trial court. We therefore need not address appellant's second proposition of law that R.C. 4513.03 is unconstitutionally void for vagueness. Nor need we address appellant's third proposition of law that the trial court interpreted R.C. 4513.03 in a way which renders the statute unconstitutionally vague since appellant knew at the time of trial that the court was interpreting the statute in such a way as to render the discernibility-of-substantial-objects requirement inapplicable and still did not argue that such an interpretation rendered the statute unconstitutional.

Appellant, in his fourth proposition of law, argues that the trial court's judgment is against the manifest weight of the evidence. Although there was conflicting testimony as to whether there were unfavorable atmospheric conditions at the time and place of the accident, there is competent, credible evidence to support the trial court's findings, and we cannot reverse its findings as being against the manifest weight of the evidence. See *C. E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261]. The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact. *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77; *Henkle* v. *Salem Mfg. Co.* (1883), 39 Ohio St. 547.

We thus conclude that appellant waived his argument that R.C. 4513.03 is unconstitutionally vague on its face by failing to raise it in the trial court. Appellant similarly waived his argument that the trial court engaged in an interpretation which rendered the statute unconstitutional-

ly vague. The judgment below was not against the manifest weight of the evidence, and appellant's conviction stands.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

CELEBREZZE, C.J., and WRIGHT, J., concur separately.

CELEBREZZE, C.J., concurring. I concur in today's result as well as the essence of the majority's reasoning. I fear, however, that the syllabus could be read to imply that a challenge to the constitutionality of a criminal statute, raised for the first time on appeal, need not ever be considered by a reviewing court. Obviously, such a broad construction would not comport with Crim. R. 52(B) or past judicial pronouncements. *E.g., Columbus* v. *Rogers* (1975), 41 Ohio St. 2d 161, 162-163 [70 O.O.2d 308].

Accordingly, I would have added the following caveat to the end of the syllabus paragraph in the case *sub judice*: "* * * unless the statute in question is obviously invalid and would change the outcome of the trial in which case the reviewing court may apply the plain error exception in order to prevent a manifest miscarriage of justice." Accord *State* v. *Craft* (1977), 52 Ohio App. 2d 1, 7 [6 O.O.3d 1]. See, also, Evid. R. 103(D).

It must be recognized that while we are rejecting the proposition advanced by the appellate court in *Lakewood* v. *All Structures, Inc.* (1983), 13 Ohio App. 3d 115, which held at 116 that "* * * a claim of unconstitutionality of legislation is never waived," neither are we adopting a position at the other extreme that a constitutional issue first raised on appeal must never be considered.

WRIGHT, J., concurs in the foregoing concurring opinion.