**State v. Boyd**
*[Cite as 6 AOA 58]*

*Case No. 5-89-23*
*Hancock County, (3rd)*
*Decided August 21, 1990*

*J. Stanley Needles, Attorney at Law, 219 South Main Street, Findlay, Ohio 45840, for Appellant.*

*Joseph Niemeyer, Prosecuting Attorney, Martha Jane Cooper, 116 West Lima Street, Findlay, Ohio 45840, for Appellee.*

COLE, J.

This is an appeal from a judgment of conviction and sentence of the defendant by the Common Pleas Court of Hancock County for the offense of aggravated arson in violation of R.C. 2909.02.

On May 27, 1988 the residence building in which Ernest N. Boyd, the defendant in this cause, and his spouse Betty, lived, burned. This residence was owned, at that time, by the defendant and his wife as tenants in common. Suspicion of arson was raised almost immediately, and quickly centered upon the defendant, who was, subsequently, charged, tried, and convicted of the offense of aggravated arson, which reads in pertinent part as follows:

"(A) No person, by means of fire or explosion, shall knowingly:

" \*\*\*

"(2) Cause physical harm to any occupied structure; \*\*\*

"(B) Whoever violates this section is guilty of aggravated arson, an aggravated felony of the first degree."

The definition of "occupied structure" is set forth in R.C. 2909.01 and includes a house maintained either permanently or temporarily to accommodate persons whether present or not at the time of the offense. There is no question that the house here involved fits into this definition. There is also no question that the building burned and was substantially damaged. The issue at trial centered upon the cause of the blaze and upon the identity of any person who might have participated as a cause. Questions during trial were raised as to admissibility of evidence and as to the action of the trial court related to an instruction to the jury. The defendant now appeals asserting three assignments of error which we shall consider in the following paragraphs.

I. Assignment Number One asserts that "the indictment for arson of an occupied structure against the owner of the property burned does not state an offense, and the aggravated arson statute, ORC 2909.02, is unconstitutional against the owner of the property."

We note that the appellant argues that at common law the burning of one's own property was not an offense. However, there are no common law crimes in Ohio. Crimes are statutory and the legislature has been clear in its definition of the crime here involved. It speaks of "any occupied structure." No exception as to ownership is set forth. Strictly construing these words against the State cannot change the clear and unequivocable intent to proscribe the knowing harming by fire of *any* occupied structure.

Since the use of the phrase "property of another" is utilized in other criminal statutes, the legislature clearly knew how to limit applicability to the property of others. By saying "any" occupied structure there is a clear intent to eliminate this restriction. The open burning of anything is now a matter of government interest involving both issues of pollution and issues of danger.

Appellant attempts to here raise a constitutional objection. No such objection was raised at trial and hence this aspect of the argument has

been waived. In *State v. Awan* (1986), 22 Ohio St. 3d 120, the syllabus states:

"Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure,- and therefore need not be heard for the first time on appeal."

See also *State v. Williams* (1977), 51 Ohio St. 2nd 112; *State v. Hsie* (1973), 36 Ohio App. 2d 99.

We find the assignment of error is not well taken.

II. It is asserted as assignment of error two that "A hearsay statement testified to by a witness, not the declarant, when the declarant is incompetent as a witness, under Section 2945.42 of the Revised Code is not admissible and cannot be admitted under any exception to the hearsay rule and is error prejudicial to a defendant."

This issue involves the direct examination of one Ann Fenstemaker. It had been established by other testimony that the residence of the defendant and Mrs. Boyd was on fire. This was approximately 11:00 P.M. on the 27th of May, 1988. The parties resided in the village of McComb wherein there was also a V.F.W. hall or lodge building with a bar. A Cindy Fasig was bartender and with her in the hall was the witness, Ann Fenstemaker, whose testimony is here involved, and her daughter. She testified that while they were there at about 10:45 P.M., the phone rang. Cindy Fasig answered and then "made the statement that Betty Boyd's house was on fire." There was no objection to this testimony. She states then that Betty Boyd then came in the back door of the hall a few minutes after the call, and they noticed that she had scratches and marks on her arms, whereupon the following transpired: (Tr.157)

"Q. And did Betty Boyd indicate to you how those marks got on her arms?

"A. She said * * *

"MR.NEEDLES: Object.

"THE COURT: Overruled. Not the truth of the matter asserted.

"Q. Go ahead.

"A. She said that her husband had beat on her and that is the first time he had ever done it."

It is as to this response and the ruling of the court that permitted it to go into evidence that error is now asserted. Appellant first asserts that R.C. 2945.42 made the statement by Betty Boyd inadmissible in that Betty Boyd, spouse of the defendant, was incompetent to testify. This section reads in part as follows:

" *** Husband or wife shall not testify concerning a communication made by one to the other, or act done by either in the presence of the other, during coverture, unless the communication was made or act done in the known presence or hearing of a third person competent to be a witness, or in case of personal injury by either the husband or wife to the other, or rape or felonious sexual penetration in a case in which the offense can be committed against a spouse, *** "

The significant words in this section are "to testify." Testify is defined in Black's Law Dictionary 5th Edition as follows:

"To make a solemn declaration under oath or affirmation in a judicial inquiry for the purpose of proving some fact."

Testimony is defined as follows:

"Evidence given by a competent witness under oath or affirmation."

In 42 Ohio Jur. 3d 226, Evidence and Witnesses, par. 15, a witness is defined as "one who being sworn or affirmed according to law deposes as to his knowledge of the facts in issue between the parties to the case."

It is clear in this case that Mrs. Betty Boyd was not a witness under oath and hence did not testify. It is further clear that Ann Fenstemaker was a witness who did testify. She, however, was not a spouse of the defendant. The section of the code quoted applies only to persons who testify and restricts the testimonial competency of spouses of a testifying spouse. Thus, it has no application to the present case. The argument as based on this section is therefore not to be maintained.

The underlying problem here is that the testimony to which objection was made is hearsay, which is defined by Evid. R. 801(C) as follows:

"'Hearsay' is a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted."

Mrs. Boyd was clearly a declarant and she was not testifying. The trial court determined that the testimony of Ann Fenstemaker as to the statement made by Mrs. Boyd that Mr. Boyd beat her for the first time was not offered to prove the truth of this assertion. However, with this we do not agree. It was clearly the theory of the prosecution that Boyd was angry with Mrs. Boyd and, in a rage, thereby induced "torched" the house

wherein they lived, and which up to April 6, 1988, had been the property of Mrs. Boyd alone. The testimony here involved was relevant to the existence of a quarrel between the two Boyds and hence to a possible motive for criminal action. In his opening statement the prosecution mentions other similar statements made at the same time, but excluded at trial (Tr.9). In his closing argument, he specifically referred to the injuries and the statement as to cause. The statement, we conclude, was pertinent to the state's case and was introduced to establish as true what the statement said, that Boyd had beaten Mrs. Boyd and hence was hearsay.

However, the state asserts that there is an exception to the general rule that hearsay is not admissible. It is maintained that the "excited utterance exception" is here applicable, and permits the admission of Mrs. Boyd's statement as reported by Ann Fenstemaker.

In Evid. R. 803(2) it is said:

"A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

Here the startling event was not the fire, although the knowledge of the fire undoubtedly contributed to the stress involved, but the incident preceding the fire. Mrs. Boyd stated Boyd had beat her for the first time. This escalation of a verbal quarrel into a physical altercation confirmed by -direct testimony as to scratches and marks upon her arms constitute for the purposes here concerned the startling event (Tr.157). The fact that this was the first physical incident in the course of the marriage was probative both of the startling characteristics of the event and to the stress. As to this stress, there is further direct testimony by Ann Fenstemaker.

"Q. Describe how you observed that she reacted. Just your observations of how she reacted when you made the statement Betty, you're needed at home right away.

"A. It was a reaction of more or less she couldn't believe that it happened.

"Q Describe her emotional condition?

"A She seemed upset."

The theory behind this exception is that the truth of the out of court statement is made probable by the immediate response rather than a delayed or rationally constructed response. It involves a matter of the emotions rather than the intellect. Here there is evidence of stress caused by the event, the altercation or beating, and the existence of that stress at the time of the state-

ment. The statement concerns the event itself and the event was personally observed and participated in by the declarant, Mrs. Boyd. Although it is difficult to establish a time pat., existence of the scratches and marks, plus the proximity to the call as to the fire, tend to establish that only a short time had intervened from the event to the declaration.

In *Miles v. General Tire and Rubber Co.* (1983), 10 Ohio App. 3d 186, 460 N.E. 2nd 1377, it is stated:

"Considerations that are to be taken into account to determine whether an utterance qualifies as an excited utterance under the exception to the rule are: "*** (1) the lapse of time between the event and the declaration, (2) the mental and physical condition of the declarant, (3) the nature of the statement and (4) the influence of intervening circumstances." See Staff Note, Evid. R. 803(2). See also *Potter v. Baker* (1955), 162 Ohio St. 488.

Here the passage of time was short. Mrs. Boyd was clearly, from the testimony presented, under stress related to the subject of the statement; the statement was an explanation of existing physical injuries. There was only one intervening circumstance noted in the evidence. She was informed by the bartender that the house was on fire. This would tend to increase the stress already existing and would *not* eliminate it. In the record, Ann Fenstemaker states:

"Q Describe her emotional condition during this half hour to 45 minutes?

"A She was upset.

"Q During that entire time?

"A Yes."

We conclude that the statement concerned a startling event, the first beating by the husband of the declarant. It was made under stress thereby caused by that event and was made within a short time of the event. The trial court therefore acted correctly in admitting the evidence, but, in our opinion, for the wrong reason. The action, however, was correct arid no prejudice accrued to the appellant. The assignment of error is not well taken.

III. It is further asserted that the court committed prejudicial error in failing to give the requested instruction on a blackout as required in Section 2901.21.

There was evidence presented which indicated that the defendant had drunk substantial amounts of beer prior to the time of the fire, and had taken some predesone tablets prescribed by

a doctor for poison ivy. At page 462 of the transcript he testifies:

"* * *

"Q Well, you do recall events of that evening?
"A No, no really.
"Q What do you recall?
"A Well, not much of anything.
"* * *"

The defense requested an instruction to be given the jury as follows:

"The defendant requests the court to give the following special instruction upon the courts charge to the jury:

"To determine whether the defendant was influenced by the effect of intoxication or alcohol or drugs or anger to such an extent that his mind could not and did not form a purpose to commit arson you will consider the facts and circumstances relating to his condition (sic] at the time in question.

"If you find by a preponderance or greater weight of all the evidence that by reason of anger, intoxication, alcohol, or drugs, the mind of the accused was in such condition that he was not capable of forming a knowledge, then he is not guilty of aggravated arson as knowingly is an essential element of the offense charged in the indictment."

The trial court declined to give this instruction, but did give a comprehensive charge as to intoxication (Tr.537). There is no objection to the charge as given at the close of the trial, and Criminal Rule 30(A) in part reads as follows:

"A party may not assign as error the giving or failure to give any instructions unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

However, the defendant did present his written request for the charge to the court and the court indicated he would not give it. While not in conformity to the rule, the issue is now before us and we will consider it.

The evidence is insufficient to provide a basis for this charge. There was ample evidence the defendant drank considerable beer during the day and evening. However, the defendant's wife testified that it was normal for the defendant to drink six beers each day (Tr.443). As to the impact of this as his mental culpability was concerned, there was a jury question presented and the trial court properly instructed the jury on this issue.

As to the purported "blackout," however, the evidence was insufficient to raise an issue requiring a charge to the jury. The defendant's contention appears to be that the combination of the poison ivy medicine and the beer caused him to black out or go into a state where he was unconscious of events occurring about him. He testifies, however, that he does not remember what occurred--a failure of recollection as distinguished from an unconscious state. Others, however, during the period in question observed him and failed to note any evidence of a state of unconsciousness. Moreover, there was no medical testimony to support his contention that predesone and beer could create such a result.

In *State v. Theuring* (1988), 46 Ohio App. 3rd 152, it was stated:

"A defendant is entitled to have his instructions included in the charge to the jury only when they are a correct statement of the law, pertinent and not included in the substance of the general charge."

It is therefore essential that a requested charge be pertinent, i.e., relevant to the issues necessarily raised by the evidence. Here the issues raised by the evidence would include intoxication and its effect, but the evidence is insufficient to raise a question that the defendant at any pertinent time was in an unconscious state. Moreover, Ohio does not recognize the defense of diminished capacity. *State v. Muertas* (1990), 51 Ohio St. 3d 22.

It would therefore be our conclusion that the trial - - court committed no error in not giving the instruction requested. The assignment of error is not well taken.

*Judgment affirmed.*

BRYANT and EVANS, J.J., concur.

RALPH D. COLE, JR., J., retired, of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.