REMLEY, Appellant,

v.

CINCINNATI METROPOLITAN HOUSING AUTHORITY, Appellee.

[Cite as *Remley v. Cincinnati Metro. Hous. Auth.* (1994), 99 Ohio App.3d 573.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–930768.

Decided Dec. 28, 1994.

*Butkovich, Schimpf, Schimpf & Ginocchio* and *J. Kent Breslin,* for appellant.

*Adams, Brooking, Stepner, Woltermann & Dusing* and *Jeffrey C. Mando,* for appellee.

DOAN, Judge.

Appellant Michael Remley filed a lawsuit against appellee Cincinnati Metropolitan Housing Authority for personal injuries he allegedly received when, while fitting a replacement window into a window opening on property owned by appellee, he stepped off a ladder into a hole in the floor. In his complaint appellant asserted that appellee was negligent in failing to maintain the premises where he was injured in a reasonably safe manner.

The case was tried to a jury, which returned a verdict of $25,143.15 in favor of appellant, granting him $11,640.15 for medical costs, $7,500 for lost wages, and $6,000 for his pain and suffering. The jury also found that appellant was forty percent negligent. The trial court, pursuant to R.C. 2744.05, offset the award in the amounts of $11,640.15 and $7,500, the amounts the Ohio Bureau of Workers' Compensation paid appellant as medical benefits and total temporary disability compensation, respectively. The trial court then reduced the remaining $6,000

by the jury's verdict of forty percent comparative negligence, leaving appellant a net total of $3,600 of damages.

Appellant asserts in his sole assignment of error that the trial court erred by reducing his monetary damages by applying R.C. 2744.05. In his accompanying arguments he contends that the statute is unconstitutional because it violates certain rights guaranteed by the Ohio Constitution.

A review of the record before us reveals that appellant waived any claim regarding the unconstitutionality of R.C. 2744.05 because he failed to raise that issue before the trial court. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, syllabus. See *Abraham v. Natl. City Bank Corp* (1990), 50 Ohio St.3d 175, 176, 553 N.E.2d 619, 620, fn. 1; *Lewis v. Cleveland* (1993), 89 Ohio App.3d 136, 623 N.E.2d 1233. While I recognize that this waiver doctrine is not absolute and that its application is discretionary, see *In re M.D.* (1988), 38 Ohio St.3d 149, 527 N.E.2d 286; *Mariemont v. Valentine* (Nov. 2, 1988), Hamilton App. No. C–870440, unreported, 1988 WL 117789, I do not find appellant's appeal warrants deviation from the general rule stated in *State v. Awan, supra.* Thus, I decline to consider the merits of appellant's assignment of error and its accompanying arguments for the first time on appeal.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

GORMAN, J., concurs in judgment only.

BETTMAN, J., concurs separately.

GORMAN, Judge, concurring in judgment only.

I concur with the opinion that the trial court's judgment should be affirmed, but I would not affirm on the grounds of waiver. I read *Menefee v. Queen City Metro* (1990), 49 Ohio St.3d 27, 550 N.E.2d 181, to defeat a due process or equal protection challenge to exclusion of collateral sources under statutory sovereign immunity. The Supreme Court recognized a valid state interest under both a strict-scrutiny and a rational-basis analysis, where the classification in R.C. 2744.05(B), excluding subrogation claims, was determined to be justified by economic considerations. For these same economic reasons, I cannot find merit in appellant's argument that the unconstitutionality of R.C. 2317.45 in the "Tort Reform Act" as held in *Sorrell v. Thevenir* (1994), 69 Ohio St.3d 415, 633 N.E.2d 504, should apply equally to the legislature's policy excluding recovery for

collateral sources under statutory sovereign immunity afforded political subdivisions in tort actions under R.C. 2744.05(B). The argument compares apples and oranges.

Admittedly, the holding in *Sorrell* regarding violation of the right to trial by jury in Section 5, Article I and open courts in Section 16, Article I of the Ohio Constitution blurs any bright-line solution under *Menefee,* since these arguments were neither addressed nor mentioned. The Supreme Court's silence in *Sorrell* suggests to me that *Menefee* is still good law.

BETTMAN, Judge, concurring separately.

There are aspects to the question of whether and when an intermediate appellate court should consider a constitutional issue which is raised on appeal but which was not raised at the trial level that I believe are unclear. I write separately in the hope that the Supreme Court will provide additional guidance on this important issue.

I think we all agree that the best practice is to raise a constitutional issue at the trial level first. However, the rule that an appellate court will not consider any error which counsel could have raised at the trial level, but failed to do so, has been softened to allow some discretion about reviewability in *criminal* cases involving constitutional questions. See, *e.g., In re M.D.* (1988), 38 Ohio St.3d 149, 527 N.E.2d 286; *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, syllabus; *State v. Childs* (1968), 14 Ohio St.2d 56, 43 O.O.2d 119, 236 N.E.2d 545, paragraph three of the syllabus; *State v. Woodards* (1966), 6 Ohio St.2d 14, 35 O.O.2d 8, 215 N.E.2d 568; *State v. Glaros* (1960), 170 Ohio St. 471, 11 O.O.2d 215, 166 N.E.2d 379, paragraph one of the syllabus. Where plain error is concerned in a criminal case, it seems clear that discretion should be exercised in favor of review. See *In re M.D., supra.* What is less clear is whether this discretion is to be extended to the appellate courts, especially as the syllabus of *In re M.D.* holds that "even where waiver is clear *this court* reserves the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." (Emphasis added.)

What is also unclear is whether an appellate court in a civil case has this discretionary right to review a constitutional challenge not raised below. The proposition that a claim of unconstitutionality of legislation is never waived, suggested by the court of appeals in *Lakewood v. All Structures, Inc.* (1983), 13 Ohio App.3d 115, 13 OBR 133, 468 N.E.2d 378, was expressly rejected by a majority of the Supreme Court in *State v. 1981 Dodge Ram Van* (1988), 36 Ohio St.3d 168, 171, 522 N.E.2d 524, 527.

As more challenges are being made under the state Constitution to legislation in civil cases, guidance on whether the appellate courts have discretion to review issues not raised at the trial court level but briefed at the appellate level would be of great assistance. Pending such assistance, I agree with the lead opinion that the constitutional issue raised for the first time on appeal in this case should not be reviewed by this court. At trial, the only objection made by appellant's counsel to the setoff provisions was that they should not be made by the court but by the jury. There was no challenge on any basis to the right of the appellee to have the benefits set off. The appellant did not even call to the attention of the trial court the fact that at the time of his post-verdict hearing a constitutional challenge to collateral benefits under tort reform, to which he would have this court analogize, had been accepted for review in the Ohio Supreme Court.[1]

---

1. *Sorrell v. Thevenir* (1994), 69 Ohio St.3d 415, 633 N.E.2d 504, was accepted for review by the Ohio Supreme Court on February 10, 1993. I also note that the constitutional challenge mounted in *Sorrell* began at the trial court level and was carefully considered by the trial judge.