Appellant, Sonny Emrick Excavating (Emrick), appeals from judgment of the Fayette County Court of Common Pleas. Appellant seeks reversal of the trial court's judgment that the Appellee, Bill E. Barnhart, was entitled to participate in the Ohio workers' compensation fund.
The relevant facts of the case are as follows. On April 13, 1991, Barnhart signed a employment contract with Emrick that designated him an "independent contractor." A little over a year later, on April 19, 1992, Barnhart was injured on the job when the wall of a ditch in which he was laying pipe collapsed on him. Barnhart then filed a workers' compensation claim alleging that he was a regular employee of Emrick and not an independent contractor. The district hearing officer denied the claim, but the regional board of review reversed that decision and found that Barnhart was an employee entitled to workers' compensation benefits. A final administrative appeal by Emrick to the Industrial Commission resulted in an affirmation of the regional board's decision.
Emrick filed an appeal with the common pleas court on August 10, 1993.
Defects in service of process prevented Barnhart from receiving proper notice of the common pleas court proceedings. Barnhart, therefore, did not file a petition with the court as required by R.C. 4123.519. On July 8, 1994, Emrick filed a motion for default judgment which was granted on August 19. On November 30, Barnhart filed a Civ.R. 60(B) motion seeking relief from the default judgment. The trial court found that the motion was welltaken an granted the relief. This court affirmed that decision. Barnhart v. Emrick (Dec. 18, 1995), Fayette App. No. CA95-06-016, unreported.
A duly impaneled jury of the Fayette County Court of Common Pleas determined that Barnhart was entitled to participate in the Ohio workers' compensation fund. The court entered its judgment on March 7, 1997. Emrick now appeals from that judgment.
In its sole assignment of error, Emrick claims that the trial court erred, as a matter of law, because it did not grant Emrick a directed verdict. Emrick argues that the trial court failed to afford the contractual language designating Barnhart an "independent contractor" the deference required under the contract clauses of the Ohio and federal constitutions.
A review of the record reveals that Emrick waived any constitutional defenses because it failed to raise them before the trial court. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Awan (1986), 22 Ohio St.3d 120, syllabus. In criminal cases, the Ohio Supreme Court has asserted its discretion to deviate from the Awan rule and hear constitutional arguments raised for first time on appeal. In re M.D. (1988), 38 Ohio St.3d 149, 151, citing Crim.R. 52(B). The Supreme Court now appears willing to extend that discretion to civil cases. See Hill v. Urbana (1997), 79 Ohio St.3d 130, 133-34. Whether such discretion may be exercised by all Ohio appellate courts remains unclear. See In re M.D., syllabus ("Even where waiver is clear, this court reserves the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it.") (Emphasis added.). See, also, Remley v. Cincinnati Metro Hous. Auth. (1993), 99 Ohio App.3d 573, 576 (Bettman J., concurring) (discussing the difficulty of determining how far the Supreme Court wished to extend the discretion it exercised in In Re M.D.). What is clear is that nothing in the instant case compels us to deviate from the general rule stated in Awan. Thus, we decline to consider the merits of appellant's assignment of error and its accompanying arguments.
We may note, however, that, although the Awan rule entirely disposes of the case before us, Emrick's constitutional arguments would not have been likely to succeed in any event. Section 10, Article I of the Ohio Constitution prohibits the General Assembly from passing laws "impairing the obligation of contracts." Section 10, Article I of the United States Constitution enforces an similar prohibition against all state governments. Both clauses protect existing contractual obligations from subsequent legislative action. See Aetna Life Ins. Co. v. Schilling (1993), 67 Ohio St.3d 164, 168; General Motors Corp. v. Romein (1992), 503 U.S. 181, 186, 112, S.Ct. 1105, 1109. In this case, the parties entered into a contract in April of 1991, and Barnhart filed his claim under Ohio's workers' compensation law approximately one year later. Emrick has not made clear what act of the General Assembly or other change in Ohio law made during that period is in conflict with the constitutional protections of contract. Indeed, the only issue raised in this appeal is whether Barnhart was a regular employee under Ohio workers' compensation law rather than an independent contractor. The case of Gillum v. Industrial Commission (1943), 141 Ohio St. 373, has provided controlling authority on that question for over fifty years. Thus, it does not appear possible that any contractual obligation involving Emrick was impaired by law in this case.
Finally, even assuming, arguendo, that Emrick's single assignment of error is intended to encompass more than the constitutional arguments advanced in its support, the record reveals that the trial court's decision not to direct a verdict for Emrick was well founded. Civ.R. 50(A)(4) provides the standard upon which a directed verdict may be granted:
 When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
In the instant case, the sole determinative issue was whether Barnhart was an employee of Emrick. Under Ohio workers' compensation law, that determination is made by judging who had the "right to control the manner or means of doing the work." Bostic v. Connor (1988), 37 Ohio St.3d 144, 145-46, citing Gillum. Factors considered include:
 who controls the details and quality of the work; who controls the hours worked; who selects the materials, tools and personnel used; who selects the routes traveled; the length of employment; the type of business; the method of payment; and any pertinent agreements or contracts.
Id. at 146. The contract itself, on which Emrick wholly relies, is but one factor in the relevant analysis. Construing the evidence most favorably in Barnhart's favor, as Civ.R. 50(A)(4) requires, most of the other factors support the jury's decision. The record reveals, for example, that Barnhart reported to work every morning as a regular employee would. He used tools provided by Emrick, received an hourly wage, and worked for Emrick for over a year. Moreover, the record shows that Barnhart was an unskilled laborer, performing services directly within Emrick's line of business. In sum, the evidence of Barnhart's status as an employee was more than sufficient to reach the jury and to support the conclusion the jury eventually reached. Thus, the trial court did not err in failing to direct a verdict for appellant. Appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., WALSH and BROGAN, JJ., concur.
Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), of the Ohio Constitution.