OPINION.
Appellants Ronnie Williams and Ralphell Williams have taken the instant appeals from adjudications of delinquency for conduct that, if engaged in by an adult, would have constituted the offense of gross sexual imposition. Although the appellants have instituted separate appeals from separate delinquency adjudications, they were adjudicated delinquent based upon evidence adduced at a joint hearing, and they advance on appeal identical assignments of error. We, therefore, consolidate their appeals for purposes of this Opinion.
 I.
In their first assignments of error, the appellants challenge the legal sufficiency of the evidence to support their delinquency adjudications. This challenge is untenable.
The state, by complaint, sought against each appellant an adjudication of delinquency for conduct that, if engaged in by an adult, would have constituted rape of a person less than thirteen years of age, a violation of R.C. 2907.02(A)(1)(b). The juvenile court magistrate, at the close of the adjudicatory hearing, amended the complaints and thereupon adjudicated each appellant delinquent for conduct that, if engaged in by an adult, would have constituted gross sexual imposition upon a person less than thirteen years of age, a violation of R.C. 2907.05(A)(4).
 A.
We note, as a preliminary matter, that the juvenile court's November 15, 1999, entries adopting the decisions of the magistrate bore the following caption:
GROSS SEXUAL IMPOSITION UNDER 13 F4 2907.05 A3 ORC
 The General Assembly amended R.C. 2907.05 in March 1998. Before the amendment, R.C. 2907.05(A)(3) proscribed as a fourth-degree felony the offense of gross sexual imposition upon a person less than thirteen years of age. Under the statute as amended, R.C. 2907.05(A)(3) proscribes gross sexual imposition when "[t]he offender knows that the judgment or control of the [victim] is substantially impaired as a result of the influence of any drug or intoxicant administered to the [victim] with the [victim's] consent for the purpose of any kind of medical or dental examination, treatment, or surgery." The offense formerly proscribed under R.C. 2907.05(A)(3), gross sexual imposition upon a person less than thirteen years of age, is proscribed under the amended statute as a third-degree felony under R.C. 2907.05(A)(4).
The conduct proscribed under R.C. 2907.05(A)(3) as amended played no part in the appellants' delinquency adjudications. The juvenile court's citation to R.C. 2907.05(A)(3) in its November 1999 entries suggests that the court simply failed to appreciate the changes wrought by the statute's 1998 amendment. This failure does not, however, preclude us from giving effect to the court's clear intention to adjudicate the appellants delinquent based upon conduct that, if engaged in by an adult, would have constituted gross sexual imposition upon a person less than thirteen years of age in violation of R.C. 2907.05(A)(4).
 B.
We address next, and again preliminarily, the matter of the amendment of the complaints. We note that Juv.R. 22(B) permits a delinquency complaint to be amended after commencement of the adjudicatory hearing if the amendment does not "change the name or identity of the [charged] violation of law so that it would be considered a change of the crime charged if committed by an adult." Crim.R. 7(D) similarly limits amendments to a charging instrument to those amendments that do not "change * * * the name or identity of the crime charged." Consistent with Crim.R. 7(D), such a change is not effected by the amendment of a criminal indictment to charge a lesser-included offense of the charged offense. See State v. Burdine-Justice (1998), 125 Ohio App.3d 707,711, 709 N.E.2d 551, 554; State v. Briscoe (1992), 84 Ohio App.3d 569,572, 617 N.E.2d 747, 749.
Here, the complaints charging the appellants with delinquency upon the predicate offense of rape in violation of R.C. 2907.02(A)(1)(b) were amended to change the predicate offense to gross sexual imposition in violation of R.C. 2907.05(A)(4). Gross sexual imposition in violation of R.C. 2907.05(A)(4) is a lesser-included offense of rape in violation of R.C. 2907.02(A)(1)(b). See State v. Johnson (1988), 36 Ohio St.3d 224,522 N.E.2d 1082, paragraph one of the syllabus (holding that gross sexual imposition under R.C. 2907.05[A][3] [now R.C. 2907.05(A)(4)] is a lesser- included offense of rape under R.C. 2907.05[A][3] [now R.C.2907.05(A)(1)(b)]). Thus, amendment of a criminal indictment charging rape in violation of R.C. 2907.02(A)(1)(b) to charge gross sexual imposition in violation of R.C. 2907.05(A)(4) would not, in contravention of Crim.R. 7(D), change the name or identity of the crime charged. Accordingly, the instant complaints were amended in conformity with Juv.R. 22(B), when the amendments would not, in the context of an adult criminal prosecution, "be considered a change of the crime charged."
 C.
Turning finally to the merits of the challenge presented on appeal to the legal sufficiency of the evidence, we note that R.C. 2907.05(A)(4) provides, in relevant part, that "[n]o person shall * * * cause another, not the spouse of the offender, to have sexual contact with the offender * * * when * * * [t]he other person * * * is less than thirteen years of age * * * ." R.C. 2907.01(B) defines "sexual contact" to encompass "any touching of an erogenous zone of another, including * * * [the] genitals, * * * for the purpose of sexually arousing or gratifying either person."[1]
We emphasize here that R.C. 2907.05(A)(4) expressly and unambiguously defines the class of culpable offenders as all "person[s]." It does not, as the appellants would have it, provide an exemption for offenders of tender years. Cf. R.C. 2907.04 (which expressly confines the class of offenders culpable for the offense of corruption of a minor to those eighteen years of age and older). See, e.g., In re Brown (June 2, 1995), Ross App. No. 94CA2056, unreported; In re Hamrick (Sept. 29, 1988), Franklin App. No. 87AP-1154, unreported (holding that a minor may be adjudicated delinquent for conduct that, if committed by an adult, would have constituted rape in violation of R.C. 2907.02[A][1][b]). But, see, In re Frederick (C.P. 1993), 63 Ohio Misc.2d 229, 622 N.E.2d 762
(in which the Cuyahoga County Juvenile Court amended a delinquency complaint to charge unruliness, upon its determination that, despite the express provisions of R.C. 2907.02[A][1][b], the General Assembly could not have intended that a fourteen-year-old boy be adjudicated delinquent for "consensual" sex with a twelve-year-old girl).
At the adjudicatory hearing below, the state adduced evidence that eleven-year-old Ronnie Williams and twelve- year-old Ralphell Williams caused the eleven-year-old victim to perform fellatio upon them in the woods near the victim's home in Hamilton County. Although the state failed to inquire specifically into the victim's marital status, the evidence, including testimony concerning the ages, separate residences, and different surnames of the appellants and their victim, permitted the inference that the victim was not the spouse of either appellant. See R.C. 3101.01 (setting forth the general rule prohibiting males under the age of eighteen and females under the age of sixteen from marrying). Moreover, testimony to the type, nature and circumstances of the contact between the appellants and their victim supported a determination that the appellants' purpose in initiating the contact was their own sexual arousal or gratification. See In re Anderson (1996), 116 Ohio App.3d 441,443-444, 688 N.E.2d 545, 547; State v. Mundy (1994), 99 Ohio App.3d 275,288-289, 650 N.E.2d 502, 510. Cf. In re M.D. (1988), 38 Ohio St.3d 149,527 N.E.2d 286 (reversing a delinquency adjudication on the ground that the predicate offense of complicity to rape in violation of 2907.02[A][1][b] was not proved, because the alleged act of fellatio could not have been said to be for the purpose of sexual stimulation or satisfaction when it was urged by the twelve-year-old offender upon the five-year-old participants as part of "playing doctor").
Juv.R. 29(E)(4) mandates that the issues in a delinquency adjudication be determined beyond a reasonable doubt. Viewing the evidence before us in the light most favorable to the state, we conclude that a rational trier of fact could have found beyond a reasonable doubt the essential elements of the predicate offense of gross sexual imposition as proscribed under R.C. 2907.05(A)(4). See In re Washington (1996),75 Ohio St.3d 390, 392, 662 N.E.2d 346, 348 (citing Jackson v. Virginia
[1979], 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, and State v. Waddy
[1992], 63 Ohio St.3d 424, 430, 588 N.E.2d 819, 825). We, therefore, overrule the first assignments of error.
 II.
The appellants, in their second assignments of error, challenge the constitutionality of R.C. 2907.02(A)(1)(b), which proscribes the offense of rape of a person under thirteen years of age. Specifically, they contend that R.C. 2907.02(A)(1)(b) is unconstitutionally vague and overbroad in its terms, and that the statute, in its application to them, violates their rights to due process and equal protection. We do not reach the merits of this challenge.
The appellants, in the proceedings below, offered no challenge to the constitutionality of R.C. 2907.02(A)(1)(b). As a general rule, the "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore [the issue] need not be heard for the first time on appeal." State v. Awan (1986),22 Ohio St.3d 120, 489 N.E.2d 277, paragraph one of the syllabus.
The Ohio Supreme Court, in In re M.D., supra, syllabus, declared the waiver doctrine of Awan to be discretionary and reserved to itself "the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." The syllabus language left unresolved the issue of whether this right extends to intermediate appellate courts. See Remley v. Cincinnati Metro. Hous. Auth. (1994),99 Ohio App.3d 573, 651 N.E.2d 450; compare State v. Garner (Apr. 28, 2000), Hamilton App. No. C- 990659, unreported, and State v. Hawkins
(Dec. 18, 1991), Hamilton App. Nos. C-900092 and C-910017, unreported (citing Awan, without reference to M.D., to hold appellant's constitutional challenge waived), with State v. Woods (Sept. 5, 1997), Hamilton App. No. C-950954, unreported, and State v. Green (July 11, 1990), Hamilton App. No. C-880504, unreported (citing M.D. to address a constitutional challenge raised for the first time on appeal).
Even if we construed the M.D. syllabus to confer upon this court a right to consider the appellants' challenge and then determined that R.C. 2907.02(A)(1)(b) was unconstitutional, that determination would provide a basis for a reversal of the appellants' delinquency adjudications only upon a conclusion that the appellants were thereby prejudiced. The appellants here cannot claim to have been prejudiced by any constitutional infirmity in R.C. 2907.02(A)(1)(b), when the predicate for their delinquency adjudications was not rape in violation of R.C.2907.02(A)(1)(b), but gross sexual imposition in violation of R.C.2907.05(A)(4). We, therefore, overrule the second assignments of error.
Accordingly, we affirm the judgments of the court below.
Doan, P.J., concurs.
Painter, J., dissents.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] R.C. 2907.05(A)(4) does not specify a culpable mental state. However, R.C. 2907.01(B), by defining "sexual contact" as a "touching * * * for the purpose of sexual arous[al] or gratif[ication]," supplies the culpable mental state for a conviction under R.C. 2907.05(A)(4). Therefore, R.C. 2907.05(A)(4) is not a strict-liability offense, seeState v. Mundy (1994), 99 Ohio App.3d 275, 288, 650 N.E.2d 502, 510, and to the extent that our decision in State v. Wiggins (July 1, 1992), Hamilton App. No. C-910620, unreported (citing State v. Astley [1987],36 Ohio App.3d 247, 523 N.E.2d 322), may be construed to hold otherwise, it is overruled.