This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Paul Rose appeals the constitutionality of the sentence imposed by the Medina Municipal Court for his violation of a Medina Municipal Ordinance prohibiting the possession of marijuana. This court affirms.
Paul Rose was stopped for a speeding violation in the city of Medina. In the course of the traffic stop, the arresting officer found that Rose had marijuana and drug paraphernalia in his vehicle. The officer charged Rose with a first-degree misdemeanor violation of Medina City Ordinance Section 513.03, for possession of less than one hundred grams of marijuana. Rose was also charged with possession of drug paraphernalia, a fourth degree misdemeanor violation of R.C. 2925.14(C)(1). Ultimately, Rose pled no contest to the Medina ordinance and the drug paraphernalia charge was dropped. The municipal court judge then sentenced Rose to a jail term of thirty days, with twenty-seven days suspended. Pursuant to the Medina City Ordinance Section 513.03, there is a mandatory three-day sentence of actual incarceration.
Rose filed the instant appeal. Rose states that the Medina ordinance provides for a more severe penalty than does the provision of the Ohio Revised Code for the same offense. Rose argues that the Medina ordinance therefore violates his constitutional right to equal protection under theFourteenth Amendment of the United States Constitution, and to be free of cruel and unusual punishment as guaranteed by the Eighth Amendment of the federal constitution. However, we find Rose's assignment of error not well-taken for the following reasons.
Our review of the record indicates that Rose did not raise the issue of constitutional infirmities in the Medina ordinance to the trial court.
 Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.
 State v. Awan (1986), 22 Ohio St.3d 120, syllabus. Having failed to raise this issue in the trial court, Rose has waived the issue for appeal.
Rose's assignment of error challenging the constitutionality of the ordinance is not well-taken, and we overrule it.
Having overruled the assignment of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ WILLIAM R. BAIRD
CARR, J., WHITMORE, J. CONCUR