{¶ 40} I agree with the sentiment expressed in the majority opinion and I am likewise concerned about the lengthy delay in the trial, I am nevertheless constrained to follow the law as I see it, to wit: constitutional rights may be waived, as was the constitutional right to a speedy trial in this case. State v.Awan (1986), 22 Ohio St.3d 120.
 {¶ 41} The majority opinion impliedly concedes in addressing Wells' first assignment of error that no violation of his statutory right to a speedy trial occurred. This was the issue raised. Appellate counsel did not choose to raise a constitutional argument in presenting the issue, perhaps in light of the fact that the valid parole holder on Wells stemmed from his earlier conviction for murder.
 {¶ 42} While it may be convenient for this court, by determining the appeal on a new ground, thus to forestall any potential of a subsequent application by Wells to reopen his appeal pursuant to State v. Murnahan (1992), 63 Ohio St.3d 60, it is not this court's prerogative to presume either that appellate counsel failed to make a conscious choice when framing the first assignment of error, or that a subsequent panel would come to the conclusion that appellate counsel wrongly decided to raise only the statutory argument.
 {¶ 43} Nevertheless, the majority opinion has chosen, with reference to an argument which Wells raised neither in the trial court nor in his appellate brief, to vacate and to discharge him from his convictions for robbery with firearm specifications, carrying a concealed weapon, having a weapon while under disability, and possession of criminal tools.
 {¶ 44} I have thoroughly reviewed this case in light of each of Wells' eleven assignments of error, and I find none to have merit, including his first.
 {¶ 45} Accordingly, I respectfully dissent, since I would overrule Wells' assignments of error and affirm his convictions together with the sentence imposed.