[Cite as *In re Adoption of H.P.*, 2023-Ohio-981.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

IN RE:  THE ADOPTION OF:                    CASE NO. 15-21-03

    H.P.,

[KAIDIN W. - APPELLANT]                    **O P I N I O N**

**Appeal from Van Wert County Common Pleas Court**
**Probate Division**
**Trial Court No. 20204017**

**Judgment Affirmed**

**Date of Decision:  March 27, 2023**

**APPEARANCES:**

    *Elizabeth M. Mosser* **for Appellant**

    *Jerry M. Johnson* **for Appellee, Jeffrey and Nicole P.**

    *John C. Huffman* **for Appellee, Josephine D.**

**WILLAMOWSKI, J.**

{¶1} This appeal is here on remand from the Supreme Court of Ohio. *In re Adoption of H.P.*, ___ Ohio St.3d ____, 2022-Ohio-4369. Appellant Kaidin W. ("Kaidin") brought this appeal from the judgment of the Court of Common Pleas of Van Wert County, Probate Division, denying his motion to be joined as a party and finding that his consent to the adoption of H.P. was unnecessary. On appeal, Kaidin claims that the trial court erred in 1) holding that the putative father statute applied in his case once paternity was established, 2) denying his motion to be joined as a party, 3) applying R.C. 3107.06(B)(3) in an unconstitutional manner. For the reasons set forth below, the judgment is affirmed.

{¶2} As noted above, this case is here on remand for the third and fourth assignments of error only. Thus, we will not address the first and second assignments of error. On appeal, Kaidin raised the following assignments of error in the third and fourth assignments of error.

### Third Assignment of Error

**R.C. 3107.06(B)(3) is unconstitutional as applied in this matter when parentage is legally established at the time of the consent hearing.**

### Fourth Assignment of Error

**R.C. 3107.07(B)(1) is unconstitutional as applied in this matter when [Kaidin] registered with the putative father registry prior to the consent hearing, was present at the consent hearing, and petitioners had notice of such registration and objection to the petition within two weeks of their petition being filed.**

{¶3} In both the third and fourth assignments of error, Kaidin challenges the constitutionality of R.C. 3107.06 and R.C. 3107.07 as applied to his case. A review of the record in this case shows that this issue was not raised in the trial court and was thus not ruled upon by the trial court. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *Remley v. Cincinnati Metro. House Auth.*, 99 Ohio App.3d 573, 575, 651 N.E.2d 450 (1st Dist. 1994) quoting *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus. Since the matter was not addressed to the trial court, it will not be addressed for the first time on appeal. The third and fourth assignments of error are overruled.

{¶4} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Van Wert County, Probate Division, is affirmed.

*Judgment Affirmed*

**MILLER, P.J. and ZIMMERMAN, J., concur.**

**/hls**