[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Adams County Court of Common Pleas, which found Defendant-Appellant Gary W. Howell to be a sexual predator. Appellant challenges the constitutionality of R.C. Chapter 2950, Ohio's sexual predator classification statute. Appellant also argues that appellee presented insufficient evidence at the classification hearing to support the trial court's finding that appellant is a sexual predator. Appellant further argues that he received ineffective assistance of counsel at the classification hearing. We find appellant's arguments to be without merit, and affirm the judgment of the court below.
 STATEMENT OF THE CASE
On June 7, 1996, the Adams County Grand Jury issued a three-count indictment against appellant. Counts one and two charged appellant with felonious sexual penetration and gross sexual imposition, respectively, both charges stemming from incidents involving the same victim. Count three charged appellant with gross sexual imposition for an alleged incident involving a second victim.
On December 11, 1996, a jury found appellant not guilty of felonious sexual penetration as charged in the first count involving the first victim, but guilty of the lesser-included offense of gross sexual imposition. The jury also found appellant guilty of gross sexual imposition on the second count involving the first victim. The jury could not reach a unanimous verdict on the third count, gross sexual imposition involving the second victim, and that charge was ultimately dismissed.
On December 19, 1996, the trial court sentenced appellant to two years in prison for each conviction for gross sexual imposition. The trial court ordered that appellant serve the sentences consecutively. On direct appeal, we affirmed the judgment of the trial court. State v. Howell (Dec. 16, 1997), Adams App. No. 97CA636, unreported.
On July 26, 1999, the trial court held a sexual predator classification hearing, pursuant to R.C. Chapter 2950. At the conclusion of the hearing, the trial court found by clear and convincing evidence that appellant is a sexual predator. The trial court did not state the factors on which it based this finding.
Appellant filed a timely notice of appeal, and presents seven assignments of error for our review.
FIRST ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED, IN VIOLATION OF THE EX POST FACTO
CLAUSE OF THE UNITED STATES CONSTITUTION, IN FINDING MR. HOWELL TO BE A SEXUAL PREDATOR.
SECOND ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED, IN VIOLATION OF THE CRUEL AND UNUSUAL PUNISHMENT CLAUSES OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 9, ARTICLE I OF THE OHIO CONSTITUTION, IN FINDING MR. HOWELL TO BE A SEXUAL PREDATOR.
THIRD ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED, IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSES OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, IN FINDING MR. HOWELL TO BE A SEXUAL PREDATOR.
FOURTH ASSIGNMENT OF ERROR:
 R.C. CHAPTER 2950, AS AMENDED BY H.B. 180, PROVIDES NO GUIDANCE AS TO HOW THE FACTORS IN R.C. 2950.09 (B) (2) ARE TO BE CONSIDERED AND WEIGHED, RENDERING THE LAW VAGUE, IN VIOLATION OF THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
FIFTH ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED, IN VIOLATION OF SECTION 1, ARTICLE I
OF THE OHIO CONSTITUTION, IN FINDING MR. HOWELL TO BE A SEXUAL PREDATOR, BECAUSE OHIO'S SEXUAL PREDATOR LAW IS AN INVALID EXERCISE OF THE POLICE POWER AND DEPRIVES INDIVIDUALS OF THEIR INALIENABLE AND NATURAL-LAW RIGHTS.
SIXTH ASSIGNMENT OF ERROR:
 MR. HOWELL WAS DENIED DUE PROCESS, AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION, WHEN THE COURT DESIGNATED HIM A SEXUAL PREDATOR WHEN EVIDENCE PRESENTED AT THE SEXUAL PREDATOR HEARING WAS INSUFFICIENT TO SUPPORT THAT DESIGNATION.
SEVENTH ASSIGNMENT OF ERROR:
 MR. HOWELL WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, A RIGHT SECURED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION, WHEN COUNSEL FAILED TO RAISE ISSUES THAT WOULD HAVE CHANGED THE OUTCOME OF THE SEXUAL PREDATOR PROCEEDINGS, HAD THE LOWER COURT APPLIED THE APPROPRIATE STANDARDS.
It should be noted that appellant did not raise his constitutional challenges to R.C. Chapter 2950 in the trial court. Ordinarily, constitutional arguments that are not raised in the trial court are waived on appeal. State v. Awan (1986),22 Ohio St.3d 120, 489 N.E.2d 277, syllabus. In the instant case, appellant contends that he received ineffective assistance of counsel at the classification hearing, in part' because his counsel failed to challenge R.C. Chapter 2950 on constitutional grounds. As a result, we shall address appellant's constitutional arguments.
 OPINION I.
In his First Assignment of Error, appellant argues that Ohio's sexual predator classification scheme, set forth in R.C. Chapter 2950, violates the Ex Post Facto Clause of the United States Constitution. The Supreme Court of Ohio rejected this same argument in State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570 and found R.C. Chapter 2950 to be constitutional. Pursuant toCook, appellant's First Assignment of Error is OVERRULED.
 II.
In his Second Assignment of Error, appellant argues that classifying an individual as a sexual predator constitutes cruel and unusual punishment, in violation of Section 9, Article I of the Ohio Constitution, and the Eighth Amendment to the United States Constitution. Although Cook did not specifically address the Eighth Amendment issue, that court did conduct an extensive analysis of the potential punitive effects of R.C. Chapter 2950 and found the statute to be remedial in nature. Given the fact that the sexual predator classification scheme does not impose a criminal punishment, appellant's argument that it is cruel and unusual punishment is without merit. See State v. White (Nov. 5, 1999), Miami App. No 98-CA-37, unreported. Accordingly, appellant's Second Assignment of Error is OVERRULED.
 III.
In his Third, Fourth, and Fifth Assignments of Error, appellant argues: (1) that R.C. Chapter 2950 violates the Double Jeopardy Clauses of the Ohio and United States Constitutions; (2) that R.C. 2950.09 (B) (2) is unconstitutionally vague; and (3) that the sexual predator classification deprives individuals of "inalienable and natural law rights," in violation of Section 1, Article I of the Ohio Constitution. The Supreme Court of Ohio has rejected all of these arguments and determined that R.C. Chapter 2950 is constitutional. State v. Williams (2000), 88 Ohio St.3d 513,728 N.E.2d 342. Pursuant to Williams, appellant's Third, Fourth, and Fifth Assignments of Error are OVERRULED.
 IV.
In his Sixth Assignment of Error, appellant argues that the trial court's judgment is not supported by sufficient evidence. At the sexual predator classification hearing in the court below, there was testimony that appellant engaged in sexual activity with two victims. Although appellant was convicted of two counts of gross sexual imposition, these counts related to only one victim. Appellant was not convicted of the third count involving the second alleged victim. In addition, the report prepared by the Department of Rehabilitation and Correction [hereinafter DRC] stated that appellant inserted his finger into the first victim's vagina. This act would have constituted felonious sexual penetration. The jury, however, found appellant guilty of gross sexual imposition, not the greater offense of felonious sexual penetration. Appellant argues that he was prejudiced by these inaccuracies, because the judge who presided over the classification hearing did not preside over appellant's trial, and thus was not familiar with the true facts of the instant case.
Whether evidence is sufficient to support a judgment is a question of law that requires a review of the probative evidence presented in support of the elements of the state's case. The judgment must be upheld when the evidence presented to the trial court, if believed, "would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. In determining the sufficiency of the evidence, a reviewing court is not to weigh competing evidence. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements" of the state's case. Id.
A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01 (E). In determining whether or not an offender is a sexual predator, the trial court must consider all relevant factors, including the factors specifically listed in R.C. 2950.09 (B) (2). In addition, the trial court's determination that an offender should be classified as a sexual predator must be supported by clear and convincing evidence. R.C.2950.09 (B) (3).
We find that there is sufficient evidence in the record to support the judgment of the trial court. While the DRC report contained some inaccurate information, appellee's witness conceded those errors on direct examination and provided the correct information in the court below. In addition, appellant's counsel further stressed on cross-examination that the DRC based its recommendation on incorrect information, specifically, that appellant had been convicted of offenses against multiple victims. Thus, appellant was not prejudiced by any inaccuracies in the DRC report, because the testimony at the sexual predator classification hearing gave the trial court an accurate account of the facts.
We also note that the judgment of the trial court is supported by substantial evidence aside from the DRC report's erroneous reliance on appellant having molested multiple victims. Appellant has shown no remorse for his actions, and he did not participate in any programs for sexual offenders while in prison. See R.C.2950.09 (B) (2) (f). In addition, the tender age of a victim alone can be sufficient to support a finding that an offender is a sexual predator. See R.C. 2950.09 (B) (2) (c); State v. Daniels
(Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported. Given the fact that appellant's victim was only six years old at the time of the offense, and that appellant has refused to accept responsibility for his actions, we find that the trial court's judgment is supported by sufficient evidence.
Accordingly, appellant's Sixth Assignment of Error is OVERRULED.
 V.
In his Seventh Assignment of Error, appellant argues that he was denied the effective assistance of counsel at the sexual predator classification hearing. Strickland v. Washington (1984),466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052, set the standard for determining whether a criminal defendant received ineffective assistance of counsel. The Strickland Court established that, in order for a defendant to prevail on an allegation of ineffective assistance of counsel, he must show both that counsel's actions "fell below an objective standard of reasonableness," and that the defendant was prejudiced by his attorney's conduct. Id. at 688, 693, 80 L.Ed.2d at 693, 697, 104 S.Ct. at 2064, 2067. Given the fact that there exist innumerable reasonable and effective strategies in any given case, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689,80 L.Ed.2d at 694, 104 S.Ct. at 2065. The standard for determining prejudice in cases alleging ineffective assistance of counsel is whether there is a "reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Statev. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.
Appellant first argues that his counsel was ineffective for failing to challenge R.C. Chapter 2950 on constitutional grounds in the trial court. Having overruled appellant's constitutional challenges in the instant appeal, we find no merit in this portion of appellant's argument.
Appellant also argues that his counsel was ineffective for failing to object to inaccurate testimony offered by appellee in its case. Appellee's primary witness at the sexual predator classification hearing was Michael Evans, of the Adams County Probation Department, who testified about the DRC recommendation that appellant be classified as a sexual predator. Evans testified that appellant was convicted of two counts of gross sexual imposition, and that the offenses involved appellant inserting his finger into the victim's vagina. Appellant argues that his counsel was ineffective for failing to object to this testimony, because the act described would constitute felonious sexual penetration, the very offense of which the jury acquitted appellant at trial.
We find that appellant's counsel was not ineffective. Any inaccuracies in Evans' description of the nature of appellant's offenses were, at best, peripheral background information. On cross-examination, Evans testified that the bases for the DRC's recommendation, that appellant be classified as a sexual predator, were the facts that appellant molested two victims, as well as the very young age of the victims. Appellant's counsel questioned Evans about the reference to multiple victims, emphasizing the fact that the DRC recommendation was based on this erroneous information. Given the relative importance of the DRC recommendation's reference to multiple victims compared to Evans' description of the nature of appellant's offenses, appellant's counsel clearly pursued a reasonable strategy in cross-examining Evans.
Accordingly, appellant's Seventh Assignment of Error is OVERRULED.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J., and Harsha, J.: Concur in Judgment and Opinion.
_________________________ David T. Evans, Judge