OPINION
Kathy Lewis appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which terminated her parental rights in her five minor children, and granted permanent custody of the children to appellee Stark County Department of Human Services. Appellant assigns four errors to the trial court:
 ASSIGNMENTS OF ERROR
I. THE TRIAL COURT LACKED JURISDICTION TO AWARD PERMANENT CUSTODY OF THE LEWIS CHILDREN TO THE STARK COUNTY DEPARTMENT OF HUMAN SERVICES DUE TO THE FACT THAT APPELLANT DID NOT RECEIVE PROPER NOTICE OF THE ADJUDICATION HEARING IN VIOLATION OF HER DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION.
II. THE TRIAL COURT LACKED JURISDICTION TO AWARD PERMANENT CUSTODY OF THE LEWIS CHILDREN TO THE STARK COUNTY DEPARTMENT OF HUMAN SERVICES DUE TO THE FACT THAT ALLEGED FATHER'S [SIC] DID NOT RECEIVE PROPER NOTICE OF THE ADJUDICATION OR PERMANENT CUSTODY HEARINGS IN VIOLATION OF THEIR DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION.
III. THE TRIAL COURT LACKED JURISDICTION TO AWARD PERMANENT CUSTODY OF LEWIS CHILDREN TO STARK COUNTY DEPARTMENT OF HUMAN SERVICES, DUE TO THE FACT THAT, SERVICE BY PUBLICATION WAS DEFECTIVE FOR THE APPELLANT.
IV. THE TRIAL COURT COMMITTED ERROR WHEN IT GRANTED STARK COUNTY DEPARTMENT OF HUMAN SERVICES MOTION FOR PERMANENT CUSTODY AND TERMINATED THE PARENTAL RIGHTS OF THE APPELLANT BECAUSE THE DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The record indicates Kathy Lewis is the natural mother of Cherish, who was born on August 3, 1984; Michael, born January 2, 1986; Angel, born August 15, 1987; William, born July 9, 1990; and Joshua, born November 19, 1991. None of the children's fathers are parties to this appeal. SCDHS opened the case on the family when one of appellant's daughters reported the father of one of the other children had molested her. Eventually, the juvenile court found this child to be a neglected child, and the other four were found dependent. All of the children exhibited varying degrees of behavior problems, and at least one was diagnosed with a serious psychological disorder. SCDHS compiled a comprehensive reunification plan which required the mother to attend Goodwill parenting classes, have a psychological evaluation and follow through with whatever recommendations the evaluator made, and secure stable and adequate housing. Appellant completed the Goodwill parenting classes, although the instructor of the class had certain reservations about appellant's participation. SCDHS presented evidence the mother had failed to follow through with the other requirements of the case plan. SCDHS also presented evidence all the children exhibited severe emotional and behavioral problems. The trial court found the children should not and could not be placed within a reasonable time with their mother. The court found it was in the best interest of the children to permanently commit them to the custody of SCDHS. The court found it was reasonably probable the children would be adopted, which was in the best interest of the children.
 and III
In her first and third assignments of error, appellant challenges jurisdiction of the court because she alleges she did not receive proper notice for the adjudication hearing, the permanent custody hearing, or best interest hearing. As the State points out, the docket reflects appellant was personally served in court with the complaint when she appeared for the emergency shelter-care hearing on April 11, 1994. The State also urges the record demonstrates appellant actually appeared with counsel at the adjudicatory hearing and the hearing on the motion for permanent custody. The State asserts it served appellant notice of the later hearings through her attorney. The State attempted service by publication at the best interest phase of the hearing. Appellant challenges the sufficiency of the publication. The record contains an affidavit from SCDHS requesting publication service on appellant because her whereabouts were unknown. The record also contains the actual publication printed in the Canton Repository, which contains all the necessary language. Our review of the record convinces us the trial court had jurisdiction over appellant, and appellant received appropriate notice of the various hearings. The first and third assignments of error are overruled.
 II
In her second assignment of error, appellant argues the trial court lacked jurisdiction for the permanent custody hearing because some of the alleged fathers did not receive proper notice of the hearings. The State challenges appellant's standing to raise this issue, arguing because she was served with process and appeared, she cannot challenge the judgment based upon procedure irregularities with regard to another party. In In Re: Belden/Haywood Children (March 13, 1995), Stark App. No. 94CA0237, we found a trial court can properly take jurisdiction over a mother's parental rights if she is properly served, but should not grant permanent custody to SCDHS if the father has not been served and all the issues regarding his parental rights resolved. Inasmuch as SCDHS concedes the minor children's fathers were not served with notice of the permanent custody hearing, we conclude although the order terminating appellant's parental rights was appropriate, the court should not have granted permanent custody of the children to SCDHS until the fathers' rights were resolved. The third assignment of error is sustained.
 IV
In her fourth assignment of error, appellant argues the trial court's decision to terminate her parental rights is against the manifest weight of the evidence. The trial court found the children cannot and/or should not be placed with mother now or in the foreseeable future. The trial court is the finder of fact herein, and had the obligation to determine the weight and credibility of the evidence, see State v. Awan (1986), 22 Ohio St.3d 120. The trial court found appellant had failed to remedy the problems which caused the children to be removed from the home. The record demonstrates appellant had not secured adequate housing. The testimony about the family's psychological issues made it clear mother and children were burdened with numerous problems which would overwhelm them if the family was fully re-united. In In Re: Rachael Dettweiler (November 1, 1993), Stark App. No. CA9244, unreported, this court reviewed a situation where the biological parents had completed all the requirements of the comprehensive reunification plan, but nevertheless the juvenile court found appellants had failed to remedy the problems that caused the child to be removed from the home. The court found by clear and convincing evidence even though the father and mother had made progress in dealing with their problems, nevertheless, the problems still precluded the parents' ability to be primary care takers of the child. The court also found there was clear and convincing evidence the child's development and well being was not best served by continuing the custody of her parents. This court affirmed the juvenile court's award of permanent custody to SCDHS, finding where the problems that initially caused the child to be removed from the home remain despite the parent's well-intentioned best efforts, a court must act in the best interest of the child in terminating the parent's parental rights. Our review of the record leads us to conclude that the record contains sufficient evidence to warrant the juvenile court to find by clear and convincing evidence these children cannot and/or should not be placed with the mother in the foreseeable future, and it is in their best interest to grant custody to SCDHS. The fourth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed in part and reversed in part. We find the trial court lacked jurisdiction to award permanent custody of the minor children to SCDHS, and we vacate that award.
The cause is remanded to the trial court for further proceedings in accord with law and consist with this opinion.
By Gwin, P.J., Farmer, J., and Reader, V.J.