DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant to be a sexual predator pursuant to R.C. 2950.09. For the reasons that follow, this court affirms the judgment of the trial court.
The facts that are relevant to this appeal are as follows. In 1970, appellant was convicted of assault upon a minor, child stealing and sodomy. In 1986, he was paroled, but shortly thereafter, in March 1987, he was arrested for indecent exposure and returned to the Ohio Department of Rehabilitation and Corrections for violating the terms and conditions of his parole. According to appellant's brief, since that time, appellant has continuously remained in prison serving his sentences.
On September 16, 1999, appellant appeared before the trial court for a hearing pursuant to R.C. 2950.09, and testimony was heard from David K. Connell, Ph.D., and appellant. On September 17, 1999, the trial court entered a judgment entry finding that appellant was a sexual predator. Appellant now appeals, and raises the following assignment of error:
"ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN FAILING TO DISMISS THE PROCEEDINGS HELD PURSUANT TO OHIO'S SEX OFFENDER STATUTE, R.C. SECTION 2950, ON THE GROUNDS THAT THE STATUTE IS UNCONSTITUTIONAL AS IT IS APPLIED TO DEFENDANT-APPELLANT"
In support of his assignment of error, appellant argues that, as applied to him, R.C. 2950.09(C)(1) violates the Retroactivity Clause of the Ohio Constitution, the Ex Post Facto Clause of the United States Constitution, the Equal Protection Clauses of the United States Constitution and the Ohio Constitution, and the Double Jeopardy Clause of theFifth Amendment to the United States Constitution.
Initially, this court notes that appellant failed to raise the issue of the constitutionality of R.C. 2950.09(C) at the trial court level. This court has faced this same issue in the cases of State v. Lickert (May 12, 2000), Lucas App. No. L-99-1228 and State v. Fenwick (March 31, 2000), Erie App. No. E-98-031, unreported. In these cases, we said:
 "It is well-established that the `failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.' State v. Awan (1986), 22 Ohio St.3d 120, 489 N.E.2d 277, syllabus. Appellant never raised the issue of the constitutionality of R.C. Chapter 2950 during the trial court proceedings or before or during the hearing on whether appellant was a sexual predator. Accordingly, he has waived the right to now challenge the statute before this court."
Lickert, Fenwick. Similarly, appellant, by failing to raise this issue at the trial court level, has waived his right to challenge the constitutionality of R.C. Chapter 2950.
Regardless, we note that even if appellant had preserved this issue for appeal, the Supreme Court of Ohio has specifically found that R.C. Chapter 2950 is constitutional on all of the grounds raised by appellant. State v. Williams (2000), 88 Ohio St.3d 513,State v. Cook (1998), 83 Ohio St.3d 404. Also see,State v. Walker, (December 18, 1998), Lucas App. No. L-98-1211 (although the Supreme Court of Ohio in Cook was faced with a challenge to the constitutionality of R.C.2950.09(B), the court "made it clear it was considering the provisions in R.C. Chapter 2950 as a whole."). Therefore, appellant's assignment of error is found not well-taken and is denied.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair hearing and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
Melvin L. Resnick, J., Richard W. Knepper, P.J.,Mark L. Pietrykowski, J., CONCUR.