[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, John Broomall, appeals the judgment of the Hamilton County Municipal Court convicted him of violating a zoning resolution pursuant to R.C. 303.23. Specifically, Broomall was found to have violated Hamilton County Zoning Resolution section 12-5.4, which prohibits the storage of inoperable or abandoned vehicles except in industrial districts.
In his first three assignments of error, Broomall argues that the citation issued by the zoning investigator was insufficient to confer jurisdiction on the trial court. He argues that the citation was not accompanied by an affidavit and did not notify him of the specific nature of the violation. We find no merit in these arguments.
A violation of R.C. 323.03 is a minor misdemeanor.[1] Therefore, the procedures set forth in Crim. R. 4.1 for minor-misdemeanor offenses are applicable to the case at bar. The record indicates that the citation that was issued to Broomall complied with Crim.R. 4.1, in that it informed him that he was being cited for storing a junk vehicle in violation of Hamilton County Zoning Resolution section 12-5.4. It further informed Broomall of his ability to pay the ticket without appearing in court and of his date to appear in court if he wished to contest the citation. The citation was signed by the zoning investigator and included the name and address of Broomall. The citation was thus sufficient to invoke the jurisdiction of the court.
But Broomall further argues that service of the citation was insufficient, as it was not made under the seal of the court pursuant to R.C. 7.01. We disagree. The zoning inspector testified that he "issued" the citation on January 31, 2000, and testimony at trial indicated that Broomall had received the citation on that date. Further, Broomall was present in court at the time and date specified for the initial appearance, thus indicating that he had received the citation.[2] The service of the citation on Broomall thus satisfied the requirements of Crim. R. 4.1(D), which does not require the citation to be made under the seal of the court. Moreover, although Broomall argues that he had been jailed for a previous citation that was not served upon him, the record indicates no such failure of service in the case at bar. The first, second, and third assignments of error are accordingly overruled.
We turn now to the fourth assignment of error. Though Broomall assigns as error the improper admission of evidence, he also argues that the zoning resolution was unconstitutionally applied to his property because the automobile in question did not threaten the health, safety, or morals of the community. But because Broomall did not challenge the constitutionality of the resolution before the trial court, the issue has been waived for appeal.[3]
We also find no merit in Broomall's argument concerning the admission of the state's exhibits. He first argues that the exhibits offered by the state had no "validity." Though we are not certain of the exact nature of Broomall's argument, we have reviewed the record and can find no error in trial court's rulings. The exhibits that were admitted into evidence were properly authenticated and were relevant to demonstrate the manner in which the violation was investigated and to prove the substantive elements of the offense.
Finally, Broomall argues that the trial exhibits were not properly preserved for purposes of appeal. This argument is without merit. The exhibits were held, pending appeal, by the property custodian of the Hamilton County court reporter's office and were transmitted to this court for its review of the record. Furthermore, Broomall stated during oral argument before this court that he had been able to review the exhibits during the preparation of his appeal. The fourth assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.
[1] R.C. 323.99.
[2] See State v. Humphrey (Oct. 3, 1980), Huron App. No. H-80-3, unreported.
[3] State v. Awan (1986), 22 Ohio St.3d 120, 489 N.E.2d 277, syllabus. We further hold that the constitutional issues raised elsewhere in Broomall's brief — including the argument that the zoning resolution was applied retroactively — have similarly been waived.