JOURNAL ENTRY AND OPINION
This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the court of common pleas and the briefs.
Appellant, the State of Ohio, appeals from the judgment issued by the Cuyahoga County Court of Common Pleas dismissing appellee Nathaniel Sims's indictment.
On December 8, 1999, appellee was indicted by the Cuyahoga County Grand Jury on one count of escape in violation of R.C. 2921.34. The indictment was based on appellee's failure to comport with the post-release control provisions of his sentence for attempted burglary. On January 24, 2000, appellee entered a plea of not guilty to the charge in the indictment.
On February 11, 2000, appellee filed a motion to dismiss the indictment on the grounds that this court had previously determined that R.C. 2967.28, Ohio's post-release control statute, was unconstitutional. See State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74247, unreported. On March 2, 2000, the trial court granted appellee's motion to dismiss. On March 22, 2000, appellant filed a notice of appeal from the trial court's judgment of dismissal. This court granted appellant's motion for a stay in this matter pending the judgment of the Supreme Court of Ohio in the state's appeal of Jones. Now that the Supreme Court has decided Jones, this court has sua sponte lifted the stay and will now address appellant's assignment of error in the instant appeal, which asserts:
 R.C. 2967.28(B) DOES NOT VIOLATE THE SEPARATION OF POWERS DOCTRINE OR THE DUE PROCESS CLAUSES OF THE UNITED STATES OR OHIO CONSTITUTIONS.
In its sole assignment of error, appellant contends that the trial court erred in dismissing appellee's indictment because R.C. 2967.28(B) does not violate the separation of powers doctrine or the Due Process Clauses of the United States or Ohio Constitutions. The Supreme Court of Ohio recently reversed this court's decision in Jones, supra, holding that [t]he judgment of the court of appeals is reversed on the authority of Woods v. Telb (2000), 89 Ohio St.3d 504, 733 N.E.2d 1102 * * *. State v. Jones (2000), 89 Ohio St.3d 519, 733 N.E.2d 1115.
In Woods, the Supreme Court held that R.C. 2967.28 does not violate the separation of powers doctrine or the Due Process Clauses of the United States or Ohio Constitutions." Woods, supra, at paragraph one of the syllabus.
Appellee argues that although the Supreme Court held that R.C. 2967.28
does not violate the separation of powers doctrine or the Procedural Due Process Clauses of the United States or Ohio Constitutions, the court did not address whether the statute was unconstitutional on other grounds. Appellee asserts that R.C. 2967.28 is unconstitutional because it violates the Substantive Due Process Clauses of the United States and Ohio Constitutions. Appellee also asserts that even though the post-release statute does not violate the separation of powers doctrine in general, it violates the separation of powers doctrine as applied to him.
Appellee failed to raise these constitutional arguments in the trial court; therefore, they are waived on appeal, and this court will not address them. See State v. Awan (1986), 22 Ohio St.3d 120, 489 N.E.2d 277, at syllabus. Because the Supreme Court of Ohio reversed this court's judgment in Jones, the trial court erred by dismissing appellee's indictment. Appellant's sole assignment of error has merit.
For the foregoing reasons, the judgment of the Cuyahoga County Court of Common Pleas is respectfully reversed, and this cause is remanded for proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., CONCURS, COLLEEN CONWAY COONEY, J., CONCURS