[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
 OPINION
{¶ 1} Appellant, Gaylene Howser, appeals from the judgment entered by the Ashtabula County Court of Common Pleas, Juvenile Division. The trial court terminated the parental rights of Tanna Howser ("Tanna") and granted permanent custody to appellee, Ashtabula County Children Services Board.
 {¶ 2} Appellant is the mother of Tanna, and the maternal grandmother of Hope Walker ("Hope"). Tanna is Hope's mother. Hope was born on November 1, 1999. She was removed from her home when she was eleven days old.
 {¶ 3} Tanna was fifteen years old when she conceived Hope. Evidence presented at trial indicated that Tanna has a moderate level of mental retardation. Dr. Patricia Gillette interviewed Tanna on several occasions to complete a psychological report. She also conducted a variety of tests on Tanna to determine her mental abilities. Dr. Gillette determined that Tanna was functioning at a second-grade level and would not be able to live on her own. Dr. Gillette recommended that Tanna not be given custody of Hope.
 {¶ 4} The alleged father of Hope is Johnny Walker. He was twenty-seven years old when Hope as born. There was evidence presented that he was living with Tanna's parents and that Tanna's father permitted him to sleep with Tanna on New Year's Eve of 1998.
 {¶ 5} In February 2000, Tanna was removed from her parents' home by appellee. She was placed with a family friend, Kim Johnson. At the time of the hearing, Kim Johnson was the legal guardian of Tanna. Kim Johnson has petitioned the court for custody of Hope and was a party to these proceedings.
 {¶ 6} Hope was placed in a foster-to-adopt home. The foster mother testified that Hope has bonded well to her family.
 {¶ 7} Tanna Howser and Kim Johnson also have appeals pending before this court that are decided today.[1] Johnny Walker is the alleged father of Hope. He is not a party to any of the current appeals to this court involving this case.
 {¶ 8} Appellant raises five assignments of error on appeal.
 {¶ 9} Appellant's first assignment of error is:
 {¶ 10} "O.R.C. 2151.414, facially and as applied, violates the substantive due process, equal protection and procedural due process guarantees of the Ohio Constitution and the United States Constitution by failing to recognize or protect a parent's fundamental right to raise her own child."
 {¶ 11} Appellant is challenging the constitutionality of R.C.2151.414. Appellant has waived this argument because she did not raise it at the trial court.
 {¶ 12} "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be addressed on appeal."[2]
 {¶ 13} Appellant's first assignment of error is without merit.
 {¶ 14} Appellant's remaining assignments of error are:
 {¶ 15} "[2.] The trial court erred in disregarding a parent's fundamental right to raise her child, in violation of the Due Process and Equal Protection Provisions of the Ohio Constitution and the United States Constitution.
 {¶ 16} "[3.] The trial court erred in concluding, based upon the magistrate's decision, that the child cannot and/or should not be placed with either parent at this time or in the foreseeable future.
 {¶ 17} "[4.] The trial court erred in concluding that Tanna Howser failed to substantially remedy the conditions which caused the removal of the child.
 {¶ 18} "[5.] The trial court erred in failing to order a disposition other than permanent custody."
 {¶ 19} Because we found merit in Tanna Howser's first assignment of error in companion case No. 2002-A-0089, and reversed the judgment of the trial court, these assigned errors are moot.
 {¶ 20} The judgment of the trial court is reversed, and this case is remanded for further proceedings.
JUDITH A. CHRISTLEY, J., concurs.
DIANE V. GRENDELL, J., dissents.
[1] In re Hope Walker (Feb. 21, 2003), 11th Dist. No. 2002-A-0089;In re Walker (Feb. 21, 2003), 11th Dist. No. 2002-A-0090.
[2] State v. Awan (1986), 22 Ohio St.3d 120, syllabus.