DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Randy Charlton, appeals from the judgment of the Lorain County Court of Common Pleas that convicted him of cocaine possession with a major drug offender specification and sentenced him to 20 years incarceration on these charges. We affirm.
 I. {¶ 2} On September 22, 1998, Mr. Charlton was indicted on one count of possession of cocaine, in violation of R.C. 2925.11(A), a first degree felony, with a major drug offender specification per R.C. 2929.01(X) and a forfeiture specification; one count of possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), a fourth degree misdemeanor; one count of possession of criminal tools, in violation of R.C. 2923.24(A), a fifth degree felony; and one count of possession of marihuana, in violation of R.C. 2925.11(A), a minor misdemeanor. Mr. Charlton initially pled not guilty to the charges.
 {¶ 3} On December 21, 1999, Mr. Charlton withdrew his not guilty plea and pled no contest to the charges, and was subsequently found guilty by the trial court on all charges and specifications. On January 14, 2000, Mr. Charlton filed a motion to withdraw his no contest plea, asserting that the information provided to him by his counsel constituted a misrepresentation of the facts of the case. Pursuant to a hearing, the court denied the motion. However, during the recess between the motion hearing and sentencing hearing that day, Mr. Charlton fled the proceedings. He was eventually recovered in the state of Georgia and returned to the state of Ohio for sentencing.
 {¶ 4} On October 5, 2000, the trial court sentenced Mr. Charlton to 20 years incarceration for the cocaine possession count and accompanying major drug offender specification; 30 days for the possession of drug paraphernalia count; and one year for the criminal tools possession count. The court also fined Mr. Charlton $100 for the charge of marihuana possession.
 {¶ 5} Mr. Charlton appealed from his conviction and sentence to this Court in November 2000. On October 19, 2001, we reversed and remanded the case to the trial court. State v. Charlton (Oct. 17, 2001), 9th Dist. No. 00CA007718, at 1, 2001-Ohio-1513 ("Charlton I").
 {¶ 6} On December 27, 2001, Mr. Charlton was indicted for perjury, in violation of R.C. 2921.11(A), a third degree felony.[1] On remand, the perjury case was consolidated with the first case, and both proceeded to a jury trial. Mr. Charlton was found guilty and convicted of possession of cocaine with a major drug offender specification, possession of drug paraphernalia, possession of marijuana, and perjury. Mr. Charlton was found not guilty of the forfeiture specification as well as possession of criminal tools.
 {¶ 7} On March 20, 2002, the trial court sentenced Mr. Charlton to ten years incarceration for the possession of cocaine charge with an additional ten years on the major drug offender specification, and a $10,000 fine; 30 days incarceration for the possession of drug paraphernalia count and a $250 fine; and a $100 fine for the possession of marihuana charge.
 {¶ 8} On April 8, 2002, Mr. Charlton filed another notice of appeal to this Court. As part of his contentions on appeal, Mr. Charlton challenged the trial court's imposition of maximum consecutive sentences on the possession of crack cocaine conviction and major drug offender specification, arguing that the court failed to make the required findings under R.C. 2929.14(D)(2)(b)(ii) in its sentencing journal entry, and furthermore, that there was no evidence in the record to support such a finding. State v. Charlton, 9th Dist. No. 02CA008048 02CA008049, 2003-Ohio-2631, at ¶ 40 ("Charlton II").
 {¶ 9} In a decision dated May 21, 2003, this Court affirmed the trial court's judgment. Id. at ¶ 48. We concluded that the trial court did in fact make the correct findings under R.C. 2929.14(D) in sentencing Mr. Charlton to maximum consecutive sentences for possession of crack cocaine with a major drug offender specification. Id. at ¶ 40. We also found that the court did not clearly and convincingly act contrary to law when it concluded, based upon the evidence presented during trial, that the maximum basic prison term for the possession of crack cocaine would demean the seriousness of the offense per R.C. 2929.12(B). Id. at ¶ 43.
 {¶ 10} Mr. Charlton then filed a discretionary appeal to the Ohio Supreme Court, and the Court accepted jurisdiction to hear the case. On March 18, 2004, the Supreme Court reversed and remanded the case to the trial court for resentencing pursuant to the Court's decision in Statev. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, finding that the court had failed to make the statutorily required findings on the record during the sentencing hearing on March 20, 2002. State v. Charlton,101 Ohio St.3d 206, 2004-Ohio-715, at ¶ 2.
 {¶ 11} On remand from the Supreme Court, the trial court re-sentenced Mr. Charlton, making the requisite findings on the record at the hearing. On the possession of crack cocaine count, the court again sentenced Mr. Charlton to a ten-year maximum term of incarceration with an additional ten-year maximum term for the drug offender specification, for a total prison term of 20 years. It is from this sentence that Mr. Charlton now appeals.
 {¶ 12} Mr. Charlton timely appealed, asserting one assignment of error for review.
 II. Assignment of Error
"The trial court improperly sentenced appellant to an additional term of incarceration as a major drug offender, violating appellant's rights under the fifth, sixth and fourteenth amendments to the united states constitution as well as Article I, sections 10 and 16 of the Ohio constitution."
 {¶ 13} In his sole assignment of error, Mr. Charlton contends that the trial court erred when it sentenced him to an additional prison term due to his drug offender specification, in violation of his constitutional rights. Mr. Charlton also urges this Court to find R.C. 2929.14(D)(3), the major drug offender sentencing provision, unconstitutional.
 {¶ 14} Initially, we note that Mr. Charlton raises the issue of constitutionality of R.C. 2929.14 for the first time on appeal. Mr. Charlton did not raise this issue before the trial court or on direct appeal from his conviction and sentence. Generally, an appellant's failure to raise the issue of a statute's constitutionality to the trial court constitutes a waiver of that issue for the purposes of an appeal. Statev. White (June 16, 1999), 9th Dist. No. 19040, at 9; State v. Awan
(1986), 22 Ohio St.3d 120, syllabus. Additionally, the doctrine of res judicata applies to bar an appellant from raising a constitutional argument that could have been fully litigated before the judgment of conviction or on direct appeal from that judgment. White at 9-10. Therefore, Mr. Charlton has waived this argument and cannot raise it now on appeal.
 {¶ 15} Mr. Charlton also maintains that the trial court never made the findings necessary to enhance his sentence for the possession of cocaine conviction with the specification. Mr. Charlton explicitly agrees with the trial court's sentencing of a ten-year term on the possession of crack cocaine charge. But, he argues that at the very first sentencing hearing on October 5, 2000, the trial court made "allegations" against him when sentencing him to a ten-year term on the specification, which were not supported by the record. After this sentencing, Mr. Charlton appealed his conviction and sentence to this Court in November 2000.Charlton I at 1. This Court reversed Mr. Charlton's original conviction and sentence and remanded the case to the trial court for further proceedings. See id. Therefore, the propriety of the trial court's initial sentencing on October 5, 2000 is now moot, and therefore, we need not address this argument.
 {¶ 16} Accordingly, Mr. Charlton's sole assignment of error is overruled.
 III. {¶ 17} Mr. Charlton's sole assignment of error is overruled. The judgment of the Lorain County Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J. Baird, j. concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] Case No. 01CR059567.