DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Merlin Watts, appeals from his convictions in the Wayne County Municipal Court. This Court affirms.
 I. {¶ 2} On September 5, 2004, Appellant, his daughter, Shannon Watts, and her boyfriend, Macs Shuff, arrived at the home of Symontee and Stacy Martin ("Mr. and Mrs. Martin"). Mrs. Martin was standing in her front yard when Appellant arrived. Soon after Appellant arrived, Mr. Martin pulled up to the residence and parked his car in front of his home. Mr. Martin and Appellant began to argue about an incident involving Appellant's son. At some point during the parties' interaction, Appellant punched Mr. Martin in the face two times and Mr. Martin then retreated into his house to find a weapon with which he could defend himself.
 {¶ 3} The parties dispute the remaining facts. Shannon Watts contends that while she, her father (Appellant) and her boyfriend were attempting to flee the scene, Mr. Martin threw a metal scooter at Appellant which struck him in the head. Both Appellant and his daughter testified that after Appellant was struck by the scooter, Macs Shuff jumped out of the vehicle and proceeded to bash out the window of one of the Martins' vehicles.
 {¶ 4} The Martins contend that when Mr. Martin retreated into his home to obtain a weapon, Appellant retrieved the metal scooter from the Martins' front yard which he then used to bash the windows of the Martins' two vehicles. Appellant, Shannon Watts and Macs Shuff then fled the Martin residence.
 {¶ 5} Shortly thereafter, Wooster Police Officer Waddell responded to a complaint of criminal damaging at the Martin residence. Upon arrival at the residence, Officer Waddell spoke with the alleged victim, Mr. Martin. While at the scene, Officer Waddell observed damage to both a car parked in the driveway and a car parked on the street in front of the house. Tracy Boorman, a witness to the incident, provided Officer Waddell with the license plate number of the vehicle he observed fleeing the Martin residence. Officer Waddell checked the license plate number and discovered that the plate was registered to the Watts family. Officer Waddell then proceeded to the Watts residence where he spoke with Appellant and his daughter, Shannon Watts. Officer Waddell observed an abrasion on Appellant's right shoulder and a small cut to his head.
 {¶ 6} On September 21, 2004, Appellant was charged with one count of disorderly conduct, a violation of R.C. 2917.11, and one count of criminal damaging, in violation of R.C. 2909.06. The case proceeded to a bench trial on February 10, 2005. The trial court found Appellant guilty on both charges. The trial court ordered a pre-sentence investigation and then sentenced Appellant to thirty days in jail, a $100.00 fine on the disorderly conduct conviction, a $200.00 fine on the criminal damaging conviction and three years of community control. In addition, Appellant was ordered to pay $5,478.43 in restitution and was prohibited from contacting the victims. Appellant timely appealed his convictions, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"THE STATE FAILED TO INTRODUCE SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT THE OFFENSES OF DISORDERLY CONDUCT AND CRIMINAL DAMAGING WERE COMMITTED AND SUCH VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 7} In his first assignment of error, Appellant contends that his convictions for disorderly conduct and criminal damaging were against the manifest weight of the evidence. Appellant also argues that these convictions were not supported by sufficient evidence. Appellant's assignment of error lacks merit.
 {¶ 8} Sufficiency of the evidence and manifest weight of the evidence are distinct legal concepts. State v. Shirley (Jan. 2, 2002), 9th Dist. No. 20569, at *1; State v. Thompkins (1997),78 Ohio St.3d 380, paragraph two of the syllabus. A manifest weight challenge requires an appellate court to examine whether the prosecution met its burden of persuasion, while a challenge to the sufficiency of the evidence requires the court to determine whether the prosecution met its burden of production. Thompkins,78 Ohio St.3d at 390 (Cook, J., concurring).
 {¶ 9} At the outset, we note that Appellant failed to move for acquittal at the trial court level as required by Crim.R. 29(A). To preserve the right to appeal the sufficiency of the evidence upon which a conviction is based, an appellant must move for acquittal as provided under Crim. R. 29. Shirley, supra, at *2. "It is a fundamental principal of appellate review that a court will not consider an error than an appellant was aware of, yet failed to bring to the attention of the trial court." State v. Stearns, 9th Dist. No. 03CA008343, 2004-Ohio-2244, at ¶ 7, citing State v. Taylor, 9th Dist. No. 21307, 2003-Ohio-2025, at ¶ 21; see State v. Awan (1986), 22 Ohio St.3d 120, 122. A defendant waives the right to challenge the sufficiency of the evidence on appeal when he fails to make a Crim. R. 29 motion. Shirley, supra, at *2. Appellant has waived any right to challenge the sufficiency of the evidence on appeal and we therefore decline to address this portion of Appellant's assignment of error.
 {¶ 10} We can, however, address Appellant's contention that his conviction was against the manifest weight of the evidence. When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 11} R.C. 2917.11 governs disorderly conduct and provides:
"(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
"(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior[.]"
R.C. 2909.06 proscribes criminal damaging and states:
"(A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:
"(1) Knowingly, by any means;
"(2) Recklessly, by means of fire, explosion, flood, poison gas, poison, radioactive material, caustic or corrosive material, or other inherently dangerous agency or substance."
R.C. 2901.22(c) provides the following definition for "reckless" behavior:
"[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature."
 {¶ 12} Appellant contends that the State failed to establish that he damaged either vehicle and therefore failed to prove the elements of R.C. 2917.11 and R.C. 2909.06. Although the trial court heard an abundance of conflicting testimony regarding the events at issue, we are persuaded that the State introduced sufficient evidence to establish that Appellant damaged at least one of the vehicles, and therefore acted knowingly and recklessly in causing harm to another person's property without consent.
 {¶ 13} The trial court heard testimony from Officer Waddell, Mr. and Mrs. Martin and Mr. Boorman that Appellant and Macs Shuff bashed the windows of the Martins' two vehicles. In addition, the court reviewed photographs of the vehicles taken by Officer Waddell shortly after the incident at issue which reflected serious damage to the windows of both vehicles. Notably, one of the pictures reflects a metal pipe lodged in the windshield of the vehicle.
 {¶ 14} Appellant and his daughter testified that only Macs Shuff accompanied them to the Martin residence on September 5, 2004. Although Appellant and his daughter testified that Macs Shuff damaged the vehicle in the driveway, neither one could explain the damage to the other vehicle. No one testified that the windows were damaged prior to the incident at issue. Furthermore, no one testified that Shannon Watts ever left the van or that any person other than Appellant and Macs Shuff caused damage to the vehicles.
 {¶ 15} We can find no reason for Shannon Watts to mistakenly incriminate her boyfriend by testifying that he damaged one of the vehicles. We are therefore persuaded that the trial court could have reasonably concluded that Appellant damaged at least one of the Martins' vehicles. We find that the act of striking a window with an object, whether it be a body part or a metal item, reflects indifference to the consequences of one's actions and therefore constitutes reckless behavior. Because we find that the court could reasonably conclude that Appellant acted recklessly and without consent in causing harm to Appellant's vehicles, we find that the State met its burden of proving the elements of criminal damaging and disorderly conduct. Consequently, we conclude that Appellant's convictions for criminal damaging and disorderly conduct were not against the manifest weight of the evidence.
 III. {¶ 16} Appellant's assignment of error is overruled, and the judgment of the Wayne County Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Reece, J. concur.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)