OPINION
{¶ 1} Appellant Corei Conethan appeals the decision of the Coshocton County Court of Common Pleas that accepted his guilty plea on various drug offenses. The following facts give rise to this appeal.
 {¶ 2} On August 24, 2001, the Coshocton County Grand Jury issued a secret indictment charging appellant with the commission of various drug offenses. The indictment charged appellant with three counts of trafficking in crack cocaine and one count of possession of crack cocaine. The indictment was the result of a no-knock search warrant executed at a residence where appellant was present.
 {¶ 3} Thereafter, pursuant to Crim.R. 11(F), negotiations were entered into between the State of Ohio and counsel for appellant whereby appellant agreed to enter a guilty plea to counts two and three of the indictment and an Alford plea to count four of the indictment. In exchange, the state agreed to nolle prosequi count one of the indictment.
 {¶ 4} On October 30, 2001, appellant appeared before the trial court and entered guilty pleas pursuant to the above cited agreement. Subsequently, the trial court sentenced appellant to fifteen months each on counts two and three of the indictment and seven years on count four of the indictment. The trial court ordered the sentences to be served consecutively.
 {¶ 5} Appellant filed a motion for delayed appeal which we granted on October 11, 2002. Appellant sets forth the following assignments of error for our consideration.
 {¶ 6} "I. Defendant-Appellant's conviction for possession of a controlled substance, to wit, `crack cocaine, when the amount of said controlled substance equals or exceeds twenty-five (25) grams but is less than one hundred (100) grams, (sic) is not supported by evidence sufficient to satisfy the requirements of due process under the U.S. Const. V and XIV, and article I § 16 of the Ohio const.
 {¶ 7} "II. Defendant-Appellant was deprived of his right to the effective assistance of counsel pursuant to the Sixth andFourteenth Amendments to the United States Const., when his attorney failed to file a motion to sever, a formal motion to suppress/in limine, or otherwise attack the validity of the indictment.
 {¶ 8} "III. The trial court erred when it ordered the three felony convictions to be served consecutively without making the proper findings supported by the underlying reasons."
 I, II, III {¶ 9} We will address appellant's three assignments of error simultaneously. In his First Assignment of Error, appellant challenges his conviction as to count four of the indictment on the basis that it was not supported by evidence sufficient to satisfy the requirements of due process. Appellant claims, in his Second Assignment of Error, that he was denied the effective assistance of counsel because counsel did not file a motion to sever or a motion to suppress/in limine in order to attack the validity of the indictment. In his Third Assignment of Error, appellant claims the trial court erred when it ordered the three felony convictions be served consecutively.
 {¶ 10} We will not address the merits of appellant's three assignments of error. The record indicates appellant entered his guilty pleas pursuant to Crim.R. 11(F). This rule provides as follows:
 {¶ 11} "When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court."
 {¶ 12} Further, R.C. 2953.08 addresses negotiated pleas and provides:
 {¶ 13} "(D) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. * * *"
 {¶ 14} The record in this matter indicates the parties entered into a negotiated plea. Both the prosecution and counsel for appellant explained the terms of the negotiated plea and the reason for entering such plea. See Tr. Hrng. Oct. 30, 2001, at 3-4. Further, appellant agreed the parties properly explained the negotiated plea. Id. at 5.
 {¶ 15} Thus, because this appeal involves a negotiated plea, we must initially determine whether appellant can appeal from a sentence recommended by both parties. This court has previously determined, pursuant to R.C. 2953.08(D), that an appeal may not be taken from a sentence that is recommended by both parties and is authorized by law.
 {¶ 16} Specifically, in State v. Amstutz (Nov. 8, 1999), Stark App. No. 1999CA00104, this court stated:
 {¶ 17} "A sentence imposed upon a defendant is not subject to review as of right if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Id. at 2.
 {¶ 18} Further, in State v. Sumes, Stark App. No. 2001CA00196, 2002-Ohio-1582, we relied on R.C. 2953.08(D) in finding unreviewable a defendant's appeal which, in part, asserted that the trial court had erred on a plea-related issue, i.e., in accepting a guilty plea without first determining whether said defendant understood the nature of the charges to which he had plead. We additionally found that the defendant had never made any request, in the trial court, at the plea hearing, to withdraw his guilty plea prior to or following sentencing as required by Crim.R. 32.1. Thus, we concluded the issue waived on that basis as well. Id. at 2, citing State v. Awan (1986), 22 Ohio St.3d 120, 122.
 {¶ 19} In the case sub judice, appellant entered into a negotiated plea and never attempted to withdraw said plea pursuant to Crim.R. 32.1. Accordingly, appellant may not appeal his sentences.
 {¶ 20} Appellant's First, Second and Third Assignments of Error are overruled.
 {¶ 21} For the foregoing reasons, the judgment of the Court of Common Pleas, Coshocton County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Boggins, J., concur.