[Cite as *Cleveland v. Crutcher*, 2013-Ohio-5240.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos.   99370 and 99371**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## HASSAN CRUTCHER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case Nos. CRB-035586 and CRB-028483

**BEFORE:**   E.A. Gallagher, J., Celebrezze, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   November 27, 2013

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Barbara Langhenry
Director of Law
City of Cleveland
By: Connor P. Nathanson
Assistant Director of Law
601 Lakeside Avenue, #106
Cleveland, OH 44114

EILEEN A. GALLAGHER, J.:

{¶1} Hassan Crutcher appeals his convictions entered in the Cleveland Municipal Court. Crutcher argues that his trial counsel rendered ineffective assistance and that his convictions for resisting arrest and public intoxication were based on insufficient evidence and against the manifest weight of the evidence. Finding no merit to the instant appeal, we affirm the decision of the trial court.

{¶2} This appeal arises out of two separate criminal prosecutions that have been consolidated for purposes of this appeal. The first case, *Cleveland v. Crutcher*, Cleveland M.C. No. 2012-CRB-035586 (Nov. 19, 2012), involved a complaint filed against Crutcher alleging domestic violence and criminal damaging in two separate incidents involving Jennifer Nicholson. Nicholson, who is Crutcher's former girlfriend and the mother of his child, testified that on July 28, 2012, she and Crutcher were in her vehicle when they got into an argument. When the car stopped at a red light, Nicholson jumped out of the vehicle and Crutcher pulled around the corner and stopped the car. Nicholson testified that she repeatedly asked Crutcher for the keys to her vehicle and that he refused. Nicholson told Crutcher that if he did not give her the keys, she was going to call the police. Nicholson testified that Crutcher pushed her to the ground and fought with her until she gave up her phone, which he then broke. She was able to flag down a passing Cleveland Police Department vehicle and testified that she did not tell the officers that Crutcher had hurt her, but that she did seek medical attention and filed a police report approximately five days after the incident. The city introduced

photographs of bruises documenting Nicholson's injuries.

{¶3} Nicholson also testified that on August 10, 2012, she was driving her car with her children and Crutcher as passengers. Nicholson stated that although she did not want to be around Crutcher, she allowed him to spend time with her because it was their son's birthday. Nicholson testified that as she was driving, she became frustrated with Crutcher because he was looking through her phone. She testified that she ordered Crutcher to get out of the vehicle. Crutcher did not leave the vehicle, but instead, reached over and broke off the turn signal switch.

{¶4} Crutcher testified in his own defense and denied Nicholson's allegations. The trial court acquitted Crutcher of criminal damaging but convicted him of domestic violence as charged.

{¶5} In the second case, *Cleveland v. Crutcher*, Cleveland M.C. No. 2012-CRB-028483 (Oct. 10, 2012), Crutcher arrived at the Justice Center to turn himself in on a warrant that was issued in connection with the domestic violence charge. By Crutcher's own admission, he had drunk multiple cans of beer prior to arriving in the Justice Center's lobby. When Crutcher arrived, sheriff's deputies informed him that he would have to go to Cleveland Police Department Headquarters to turn himself in on his warrant. Crutcher exited the building but came back almost immediately. Sheriff's Deputy Lawrence Wagner testified that when he told Crutcher to leave a second time, Crutcher became extremely irate and belligerent. Deputy Wagner noticed that Crutcher's eyes were glassy, his speech was slurred and that he had a strong odor of alcohol emanating from him. Deputy Wagner testified that instead of leaving, Crutcher

threw his property through the metal detector and attempted to force his way past the security checkpoint. Deputy Wagner and additional sheriff's deputies who were present at the scene placed Crutcher under arrest. However, Crutcher began resisting arrest and struggling with the deputies. In particular, Crutcher went limp, tucked his hands underneath his body and refused to move. The deputies eventually placed Crutcher into handcuffs but Crutcher began swearing and making sexual comments towards one of the female sheriff's deputies present during the arrest.

{¶6} Because of Crutcher's inebriated state, the deputies took Crutcher to the hospital. He was later charged with aggravated disorderly conduct, resisting arrest, public intoxication and criminal trespass. After a bench trial, the court found Crutcher guilty of aggravated disorderly conduct, resisting arrest and public intoxication and not guilty on the charge of criminal trespass.

{¶7} The trial court conducted a merged sentencing hearing for both cases. At sentencing, the trial court imposed four years of active probation on the charge of domestic violence, 180 days in jail with 140 days suspended and credit for 40 days served and a $1,000 fine, which the court suspended. In Case No. 2012-CRB-035586, the court sentenced Crutcher to a series of fines for each of the three convictions, all of which were suspended.

{¶8} Crutcher appeals, raising the following assignments of error:

Defense counsel rendered ineffective assistance at trial, in derogation of Defendant's 6th Amendment right to counsel.

The trial court erred by entering a verdict of guilty of resisting arrest and public intoxication which was based on insufficient evidence and against

the manifest weight of the evidence, in derogation of Defendant's 14th Amendment right to due process of law.

{¶9} In order to demonstrate a claim of ineffective assistance of counsel, the appellant must show that his counsel deprived him of a fair trial. *State v. Sanders*, 8th Dist. Cuyahoga No. 55524, 1989 Ohio App. LEXIS 2362 (June 15, 1989). The appellant must specifically show that: 1) defense counsel's performance at trial was seriously flawed and deficient; and 2) the result of the trial would have been different if defense counsel had provided proper representation at trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Sanders*.

{¶10} A presumption that a properly licensed attorney executes his duty in an ethical and competent manner must be applied to any evaluation of a claim of ineffective assistance of counsel. *Sanders*. In addition, this court must accord deference to defense counsel's strategic choices during trial and cannot examine the strategic choices of counsel through hindsight. *Strickland* at 689; *Sanders*.

{¶11} Crutcher contends that his counsel failed to perform effectively in two critical aspects: (1) failure to object to admission of hearsay statements and impermissible vouching for the credibility of the city's main witness in Case No. 2012-CRB-035586 and (2) failure to cross-examine any of the prosecution witnesses in Case No. 2012-CRB-028483. We shall address each of Crutcher's arguments separately.

Failure to Object to Admission of Hearsay Statements and Vouching for the Credibility of a Witness:

{¶12} During the direct examination of Detective Castillo, the City's chief

investigator, the prosecutor elicited information regarding her numerous conversations with Nicholson and she repeated information that she had been told by Nicholson. Detective Castillo further testified that through her interactions with Nicholson, she never gave her a reason to doubt her statements or the things that she told the detective. Crutcher's counsel did not object to this line of questioning.

{¶13} In general, it is improper for a witness to comment on the credibility of a victim, as this determination is left exclusively to the trier of fact. *See State v. Boston*, 46 Ohio St.3d 108, 545 N.E.2d 1220 (1989); *State v. Daniels*, 8th Dist. Cuyahoga No. 92563, 2010-Ohio-899. This court has held that a "police officer's testimony cannot violate *Boston*, because jurors are likely to perceive police officers as expert witnesses, especially when such officers are giving opinions about the present case based upon their previous experiences with other cases." *State v. Mills*, 8th Dist. Cuyahoga No. 90383, 2008-Ohio-3666, ¶ 18.

{¶14} The above-referenced testimony represents a comment on the credibility of the witness; because this is improper we analyze the testimony under the harmless error standard of review. Pursuant to Crim.R. 52(A), "[a]ny error * * * which does not affect substantial rights shall be disregarded * * *." We cannot say that Detective Castillo's improper testimony contributed to Crutcher's conviction. This court acknowledges that this case boils down to Nicholson's credibility. Notwithstanding Detective Castillo's testimony referenced above, a review of the record shows that the victim's story supports a conviction for domestic violence.

Failure to Cross-Examine Any of the Prosecution Witnesses in Case No.

<u>2012-CRB-028483:</u>

**{¶15}** Decisions about whether to engage in cross-examination and, if so, to what extent and in what manner are strategic in nature and will not support an ineffective assistance of counsel claim. *Dunham v. Travis*, 313 F.3d 724 (2d Cir.2002). A reviewing court scrutinizing trial counsel's performance must be highly deferential and indulge a strong presumption that counsel's conduct was reasonable. *Strickland*.

**{¶16}** We find no error with Crutcher's trial counsel's decision not to cross-examine the City's witnesses in the above-cited case. It is this court's opinion that there was nothing to gain from further questioning of the witnesses and, as such, there was no ineffective assistance of counsel.

**{¶17}** Crutcher's first assignment of error is overruled.

**{¶18}** In his second assignment of error, Crutcher argues his convictions for public intoxication and resisting arrest were unsupported by sufficient evidence and were against the manifest weight of the evidence. We disagree.

**{¶19}** Sufficiency of the evidence is the legal standard that is applied to determine whether the evidence is legally sufficient to support a jury verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). Legal sufficiency is a test of adequacy and is a question of law. *Id.*, citing *State v. Robinson*, 162 Ohio St. 486, 124 N.E.2d 148 (1955). When determining sufficiency of the evidence, we must consider whether, after viewing the probative evidence in a light most favorable to the prosecution, any rational trier of fact could have found all the elements of the offense proven beyond a reasonable doubt. *State v. Caraballo*, 8th Dist.

Cuyahoga No. 89775, 2008-Ohio-5248.

{¶20}   Although a judgment of a trial court is sustained by sufficient evidence, an appellate court may nevertheless find that the verdict is against the manifest weight of the evidence.   *Thompkins*   at 387, citing *Robinson* at 487.   Sitting as the "thirteenth juror" in a manifest weight argument, an appellate court reviews the entire record, weighs the evidence and all the reasonable inferences, considers the credibility of the witnesses, and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.   *Caraballo*.   The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.   *Thompkins*.

{¶21}   In assessing the credibility of the witnesses, "the choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact."   *State v. Awan*, 22 Ohio St.3d 120, 123, 489 N.E.2d 277 (1986).

{¶22}   In putting forth this argument, Crutcher fails to cite the relevant statutory authority for the two challenged convictions, nor does he define the elements of each criminal act and where the alleged fault appeared in this case.   Further, Crutcher cites to no authority for his conclusion that his convictions for public intoxication and resisting arrest were based on insufficient evidence and were against the manifest weight of the evidence.

{¶23}   Setting these failures aside, we find no evidence that his convictions were

supported by insufficient evidence or that the trier of fact lost its way in convicting Crutcher. Three sheriff's deputies testified that Crutcher slurred his speech, smelled of alcohol, was belligerent and combative and that when they attempted to place him in custody he fought with them and physically struggled to avoid being arrested. Additionally, the deputies described how Crutcher forced his way through the security checkpoint, became dead weight and then shouted obscenities at the deputies.

**{¶24}** Without a specific argument by Crutcher, with citations to relevant authority and statutory requirements, we conclude that this evidence is sufficient to establish his convictions for resisting arrest and public intoxication. We further conclude that the trier of fact did not lose its way in convicting Crutcher. The trial court simply found the testimony of the three sheriff's deputies to be more reliable and credible.

**{¶25}** Crutcher's second assignment of error is overruled.

**{¶26}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
FRANK D. CELEBREZZE, JR., P.J., CONCURS
IN JUDGMENT ONLY