[Cite as *Canton v. Roth*, 2018-Ohio-596.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITY OF CANTON | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| JULIE ROTH | : | Case No. 2017CA00045 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Canton Municipal
Court, Case No. 2016 CRB 04547

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      February 12, 2018

APPEARANCES:

For Plaintiff-Appellee

KEVIN R. L'HOMMEDIEU
TASHA FORCHIONE
Canton Law Department
218 Cleveland Avenue, S.W.
Canton, Ohio 44701-4218

For Defendant-Appellant

MICHELA HUTH
PO BOX 17
Bolivar, Ohio 44612

*Baldwin, J.*

{¶1}    Defendant-appellant Julie Roth appeals her conviction and sentence from the Canton Municipal Court on one count of keeping in excess of 5 dogs or cats. Plaintiff-appellee is the City of Canton.

STATEMENT OF THE FACTS AND CASE

{¶2}    On September 25, 2016, a complaint was filed alleging that appellant possessed, harbored or kept more than five dogs or cats, or any combination thereof, at her residence in violation of City of Canton Codified Ordinance Section 505.15(A), a misdemeanor of the third degree. At her arraignment on October 20, 2016, appellant entered a plea of not guilty to the charge.

{¶3}    Thereafter, a jury trial commenced on February 8, 2017.  At the trial, Shirley Moore, who is employed by the City of Canton License Bureau, testified that she assisted in investigating violations of the City of Canton's ordinances. Moore testified that she investigated a complaint at a residential address located at 1260 Fulton Road, N.W. in the City of Canton.  She testified that in March of 2015, a Canton police officer had told her that he had been at the residence the day before and that appellant might be violating Canton's animal limit ordinance, Codified Ordinance 505.15. The ordinance provided, in relevant part, as follows:

505.15 KEEPING IN EXCESS OF FIVE DOGS OR CATS; PERMIT AND REGULATIONS.

(a)    No person shall be permitted to own, possess, harbor or keep more than five dogs or cats or any combination thereof in an area zoned residential except that where litters have been born to a residing animal,

after they have been weaned, a four-month grace period shall be granted

to permit the distribution of such young animals.

{¶4} The officer indicated that Moore needed to send a letter to appellant notifying her of the ordinance and informing her that she was only allowed to have five animals and that having more than five was a misdemeanor of the third degree. Moore sent a letter to appellant on or about March 11, 2015.

{¶5} After receiving the letter, appellant came into the police department and admitted to having nine cats and four dogs. According to Moore, when Moore told her that they would give her thirty to sixty days to comply with the ordinance, appellant said "Well it doesn't matter, I'm leaving in July. I'm moving." Transcript at 9. On September 22, 2016, Moore and a Canton police officer went to appellant's house and saw seven dogs and two cats in the fenced-in yard. Appellant, who was still living at the residence, indicated that she had additional cats inside. No one else was present at the home at the time. When asked if, during her investigation, she learned whether anyone else lived at the house, Moore testified that she had not. She testified that appellant had never indicted to her that Michael Roth owned any of the animals.

{¶6} On cross-examination, Moore testified that the purpose of the ordinance was to ensure that people were taking care of their animals and that no one had complained about appellant's animals. On redirect, she testified that there was no exemption in the ordinance allowing an individual to own more than five animals if they were cared for properly.

{¶7} At the conclusion of the evidence and the end of deliberations, the jury, on February 7, 2016, found appellant guilty. Appellant was ordered to serve 60 days in jail,

but the 60 days were suspended on condition that appellant perform 60 hours of supervised community work. Appellant also was ordered to pay a fine and costs in the amount of $1,372.00.

{¶8}    Appellant now raises the following assignments of error on appeal:

{¶9}    I.    CITY OF CANTON ORDINANCE 505.15 IS UNCONSTITUTIONAL (SIC) VAGUE.

{¶10} II.    CITY OF CANTON ORDINANCE 505.15 IS INVALID AS A MATTER OF LAW AS IT IMPOSES INDIVIDUAL VICARIOUS CRIMINAL LIABILITY AND CONFLICTS WITH ORC SECTION 2901.21(A).

I, II

{¶11} Appellant, in her two assignments of error, challenges City of Canton Codified Ordinance Section 505.15. Appellant argues that it is unconstitutionally vague, imposes individual vicarious liability and conflicts with R.C. Section 2901.12(A).

{¶12} We note that appellant did not raise any of the above arguments in the trial court. As stated by the Supreme Court of Ohio in *State v. Awan,* 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus: "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal."  "It is axiomatic that a party cannot raise new issues or legal theories for the first time on appeal and failure to raise an issue before the trial court results in waiver of that issue for appellate purposes." *Dudley v. Dudley,* 12th Dist. Butler No. CA2008–07–165, 2009–Ohio–1166, ¶ 18.

{¶13} As appellant did not present these arguments to the trial court, we need not consider the issues on appeal.

{¶14} Appellant's two assignments of error are, therefore, overruled.

{¶15} Accordingly, the judgment the Canton Municipal Court is affirmed.

By: Baldwin, J.

Delaney, P.J. and

Earle Wise, J. concur.